## In re JOHNSON.

### (Circuit Court, D. Massachusetts. June 8, 1891.)

1. **INDICTMENT—RES ADJUDICATA—HABEAS CORPUS.**
   Where a prisoner has been sentenced by the district court having jurisdiction, after the sufficiency of the indictment has been questioned by motion in arrest of judgment, the sufficiency of the indictment cannot be again questioned upon petition for the prisoner's release on *habeas corpus.*

2. **JURISDICTION—STATE AND FEDERAL COURTS.**
   When a prisoner confined under sentence of a federal court is released by virtue of a writ issued out of a state court, he may be rearrested on order of the federal court, since the state court had no authority to release him.

3. **CRIMINAL LAW—SENTENCE—HABEAS CORPUS.**
   A prisoner sentenced to simple imprisonment for an offense of which the punishment is imprisonment at hard labor may be released on *habeas corpus.*

*Habeas Corpus.*
*Benjamin F. Butler*, for petitioner.
*Frank D. Allen*, U. S. Dist. Atty.

NELSON, J. This case was a writ of *habeas corpus* directed to the warden of the reformatory prison for women at Sherborn, to bring before the court the body of Clarietta Johnson, alleged to be illegally restrained of her liberty in that prison. At the hearing in this court a record of the district court of the United States for this district was produced, from which it appeared that the prisoner was convicted in that court upon an indictment charging her with the crime of perjury, committed in violation of the laws of the United States, and was, upon her conviction, sentenced by the court to pay a fine of $10, and to be imprisoned for the term of six months in the reformatory prison for women at Sherborn, and to stand committed until said sentence be performed; and that, in pursuance of the sentence, a warrant of commitment issued in the usual form, upon which she was taken to the prison by the marshal, and delivered into the custody of the warden. The prisoner now asserts that her present imprisonment under this sentence is illegal. The prisoner was tried and sentenced in the district court by Judge CARPENTER holding the court by assignment of the circuit judge, and in accordance with the practice and usage of this court, a proceeding of this nature, in which the validity of a sentence pronounced by Judge CARPENTER is called in question, would ordinarily be heard by him, either alone or with another judge sitting at his request. It is, therefore, proper to state that it is only after conferring with Judge CARPENTER, and upon his expressing a preference that this case should be heard by me, that I have consented to hear the case at all. It should be also added that

there appears to be nothing in the case to call for a revision of any matter that was specially called to the attention of Judge CARPENTER in the district court.

The first objection taken by the prisoner is that her alleged offense was not set forth in the indictment with such a degree of certainty as to give the court any jurisdiction to try her, and that it was the same as if she had been tried and sentenced without any presentment by the grand jury. The record discloses that she was tried upon an indictment in which was set forth with more or less clearness of language the crime with which she was charged. It also appears by the record that this objection was taken to the indictment in the district court by motion in arrest of judgment, and was overruled. Upon this point it is only necessary to remark that as the district court had jurisdiction to try the prisoner for perjury committed against the laws of the United States, its rulings upon the sufficiency of the indictment are not subject to revision in this court by a writ of *habeas corpus*. If the prisoner were aggrieved by any ruling of the district court upon her motion in arrest of judgment, her remedy is by a writ of error, and not by a writ of *habeas corpus*.

The prisoner was committed to the prison on the 21st of April last. On the 7th of May, she sued out of the superior court for Middlesex county a writ of personal replevin, directed to the sheriff of the county, commanding him to replevy the prisoner, who, it was alleged, was taken and detained by the duress of the warden of the prison, so that she might appear before the superior court to be holden at Cambridge on the first Monday of June, then and there to demand justice against the warden for her duress and imprisonment, and to prosecute her replevin as the law directs: provided, the prisoner first gave a bond to the warden in such sum as the sheriff should deem reasonable, with sureties to be approved by him, for her appearance at court and to prosecute her replevin, and gave the writ to the sheriff for service. Armed with this document, the sheriff on the 14th of May proceeded to the prison, and having received from the prisoner a bond in the sum of $1,000 as directed by the writ, took her out of the custody of the warden and set her at liberty. The doings of the sheriff having been brought to the notice of the district judge of the district, by his order a warrant for the rearrest of the prisoner was issued, under which the prisoner was again taken into custody by the marshal and brought before the court, and she was thereupon by the order of the court returned to the prison as an escaped or rescued convict, to serve out the rest of her sentence, and she has since remained in the custody of the warden of the prison. Copies of the writ of replevin, the sheriff's return thereon, and the bail-bond are given below.

COPIES OF REPLEVIN WRIT, RETURN THEREON, AND BAIL-BOND.

REPLEVIN WRIT.

*Commonwealth of Massachusetts, Middlesex, ss.:* [L. S.]

To the Sheriffs of our Several Counties, or Their Deputies. Greeting: We command you that justly, and without delay, you cause to be re-

plevied Clarietta Johnson, who, as it is said, is taken and detained at Sherborn, within our said county, by the duress of Ellen C. Johnson, that said Clarietta Johnson may appear at our superior court next to be holden at Cambridge, on the first Monday of June next, within our county aforesaid, then and there in our said court to demand right and justice against said Ellen C. Johnson for the duress and imprisonment aforesaid, and to prosecute her replevin as the law directs: provided, that said Clarietta Johnson shall before her deliverance give bond to said Ellen C. Johnson in such sum as you shall judge reasonable, with at least two sureties, having sufficient within your county, and with condition to appear at our said court, to prosecute her replevin against said Ellen C. Johnson, and to have her body there ready to be delivered, if thereto ordered by said court, and pay all such damages and costs as shall be then and there awarded against her. Then, and not otherwise, are you to deliver her. And if said Clarietta is by you delivered at any day before the sitting of our court, you are to summon said Ellen C. Johnson, by serving her with an attested copy of this writ, that she may appear at our said court to answer to said Clarietta Johnson.

Witness ALBERT MASON, Esquire, at Cambridge, the seventh day of May, in the year of our Lord one thousand eight hundred and ninety-one.

THEO. C. HURD, Clerk.

### RETURN.

*Middlesex, ss.:*                                                                                  MAY 14th, 1891.

By virtue of this writ, I this day took from the within-named Clarietta Johnson a bond to the within-named Ellen C. Johnson in the sum of one thousand dollars, with two sureties having sufficient within said county, with the condition within directed, which bond I herewith return. I then replevied and delivered the within-named Clarietta, and on the fifteenth day of said May I summoned the said Ellen C. Johnson to appear at court, as within directed, by giving her in hand a true and attested copy of this writ.

HENRY G. CUSHING, Sheriff.

### BAIL-BOND.

*Know all men by these presents,* that we, Clarietta Johnson, as principal, and James W. Bennett and Patrick Lynch, of Lowell, in the county of Middlesex, as sureties, are holden and stand firmly bound unto Ellen C. Johnson in the sum of one thousand dollars, to the payment of which to the said Ellen C. Johnson, or her executors, administrators, or assigns, we hereby jointly and severally bind ourselves, our heirs, executors, and administrators. The condition of this obligation is such that, whereas the above-bounden Clarietta Johnson, on the seventh day of May, sued out a writ of replevin, returnable before the superior court to be holden at Cambridge within and for the county of Middlesex, on the first Monday of June next. Now, if the above-bounden Clarietta Johnson shall prosecute said action of replevin to final judgment, and shall pay such damages and costs as the said Ellen C. Johnson shall recover against her, and shall have her body there to be redelivered in case such shall be the final judgment, then this obligation shall be void; otherwise it shall be and remain in full force and virtue.

In witness whereof we hereunto set our hands and seals this seventh day of May, A. D. 1891.

|  |  |
|---|---|
| CLARIETTA JOHNSON. | [L. S.] |
| JAMES W. BENNETT. | [L. S.] |
| PATRICK LYNCH. | [L. S.] |

May 14th, 1891.

The above-named sureties are approved.

HENRY G. CUSHING, Sheriff.

The prisoner now claims that her discharge from prison by the sheriff was authorized by law, and her rearrest illegal.

I have said that the prisoner sued out her replevin writ from the superior court for the county of Middlesex. This expression might do injustice to the learned judges of that court by implying that the writ issued by some express order of the court. Such, however, was not the case. An inspection of the papers shows that the replevin writ was nothing more than a common writ of attachment, such as can be purchased as of right of the clerk for five cents, but having on it the name of the chief justice, the seal of the court, and the teste of the clerk, altered over into what is claimed to be a writ of personal replevin, such as is authorized by the provisions of chapter 185, §§ 40–55, of the Public Statutes of the state. No other formality whatever preceded the delivery of the writ to the sheriff for service. The prisoner now claims that a writ manufactured in this way conferred authority on the sheriff to take out of prison and set at liberty a convict sentenced by a United States court for an offense against the United States. But by the very terms of the statute itself, the writ does not extend to persons "in the custody of a public officer of the law by force of a lawful warrant or process, civil or criminal, issued by competent authority," (section 40;) and as the prisoner was held under process issued by a court of the United States, exclusive jurisdiction to determine as to the scope and validity of the process was vested in the courts of the United States, and could not be exercised by the superior court. This is perfectly well settled by a long line of decisions of the supreme court of the United States, and is a rule recognized and acted upon by both state and federal courts everywhere. *Ableman* v. *Booth* and *U. S.* v. *Booth*, 21 How. 506; *Tarble's Case*, 13 Wall. 397; *Covell* v. *Heyman*, 111 U. S. 176, 4 Sup. Ct. Rep. 355; *Robb* v. *Connolly*, 111 U. S. 624, 4 Sup. Ct. Rep. 544; *Ex parte Royall*, 117 U. S. 241, 6 Sup. Ct. Rep. 734. All, therefore, that the superior court could do when it was shown that the prisoner was held under the process of the district court would be to remand her to prison. It could have no authority whatever to discharge her. The process under which she was held was perfectly valid until set aside or pronounced insufficient by a court of the United States. That there is a writ known to the law of Massachusetts that can be sued out as of right, by which a convict sentenced by a court of the United States can be taken out of prison and set at liberty by a sheriff or a deputy-sheriff, taking bail at his discretion for the prisoner's appearance at court, is a proposition that is simply absurd, and was never heard of until this case. The writ was an absolute nullity, and conferred upon the sheriff no authority to set the prisoner at liberty. The whole proceeding was an audacious abuse of the process of the state court, and an outrage on the administration of justice in this district. The rearrest of the prisoner and her recommitment to prison after her escape, was a proper exercise of the authority of the district court, and as far as the replevin writ is concerned the prisoner is lawfully held in prison.

The last point taken in behalf of the prisoner is one of much more serious character. By Rev. St. § 5392, the punishment prescribed for perjury is a fine of not more than $2,000 and imprisonment at hard labor not more than five years, with incapacity to give testimony in the courts of the United States. It was held by the supreme court in *Ex parte Karstendick*, 93 U. S. 396, that in cases where the statute makes hard labor a part of the punishment, it is imperative upon the court to include that in the sentence. See, also, *In re Graham*, 138 U. S. 461, 11 Sup. Ct. Rep. 363. Here hard labor was not made a part of the sentence, though expressly required by the statute. Again, by Rev. St. §§ 5541, 5542, in every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, or to imprisonment and confinement at hard labor, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held; the use of which jail or penitentiary is allowed by the legislature of the state for that purpose. Under these sections, it was decided by the supreme court in *In re Mills*, 135 U. S. 263, 10 Sup. Ct. Rep. 762, that where the statute prescribing the punishment does not expressly require that the accused should be confined in a penitentiary, a sentence to the penitentiary without hard labor for a period that does not exceed one year is illegal. The statute of perjury does not expressly require that the imprisonment shall be in a penitentiary. The reformatory prison for women at Sherborn is the state-prison for the reformation and punishment of female offenders sentenced to hard labor by the courts of the state and of the United States, and is undoubtedly a state penitentiary within the meaning of sections 5541, 5542. Pub. St. c. 215, § 15; Id. c. 221, § 43; St. 1887, c. 426. The sentence here was without hard labor, and for six months only. In view of these decisions of the supreme court, it is impossible to escape the conclusion that the district court exceeded its authority in sentencing the prisoner to the reformatory prison for six months only, without hard labor, and that she is entitled to be discharged from imprisonment under the sentence.

It was suggested at the hearing by the district attorney that, if the court should come to the conclusion that the sentence was erroneous, the prisoner might be held for a new sentence in the district court. But it was decided by the supreme court in *Ex parte Lange*, 18 Wall. 163, that an erroneous sentence, after it has been partly executed, cannot be revised by the court and a new sentence imposed, even at the same term of the court.

An order is to be entered discharging the prisoner.