UNITED STATES *v.* RAGAZZINI.

*(Circuit Court, S. D. New York. April 4, 1892.)*

NATURALIZATION—SELLING CERTIFICATE.
    Under Rev. St. § 5424, it is a criminal offense to sell a certificate of naturalization to other than the person to whom it was issued, and it is immaterial that such certificate was fraudulently procured, by misrepresentation to the court, or that it was forged, if *prima facie* and apparently valid.

At Law. Indictment of Guido Ragazzini for selling naturalization papers in violation of Rev. St. § 5424. Verdict of guilty. Heard on motion in arrest of judgment and for new trial. Motion denied.

*Edward Mitchell*, Dist. Atty., and *Mr. Mott*, Asst. Dist. Atty., for the United States.

*Kellogg, Rose & Smith*, for defendant.

BROWN, District Judge. The defendant was indicted and on trial convicted, under section 5424 of the Revised Statutes, for the offense of selling "to a person other than the person for whom it was originally issued, a certificate of citizenship, or certificate showing any person to be admitted a citizen." On the trial it appeared that the certificate referred to in the first count of the indictment was issued by the superior court of this city, a common law court of competent jurisdiction in naturalization proceedings, and was as follows:

"UNITED STATES OF AMERICA, STATE OF NEW YORK

"*E Pluribus Unum.*

"*City and County of New York—ss.:*

"Be it remembered that on the 22nd day of October, in the year of our Lord one thousand eight hundred and ninety-one, Angello Cordello appeared

in the superior court of the city of New York, (the said court being a court of record, having common-law jurisdiction, and a clerk and seal,) and applied to the said court to be admitted to become a citizen of the United States of America, pursuant to the provisions of the several acts of congress of the United States of America for that purpose made and provided. And the said applicant having thereupon produced to the court such evidence, made such declaration and renunciation, and taken such oaths as are by the said acts required,

"Thereupon, it was ordered by the said court, that the said applicant be admitted, and he was accordingly admitted, by the said court to be a citizen of the United States of America.

"In testimony whereof, the seal of the said court is hereunto affixed this 22nd day of October, one thousand eight hundred and ninety-one, and in the one hundred and sixteenth year of our independence.

"[L. s.] By the Court: THOMAS BOESE, Clerk."

The certificate alleged in the second count of the indictment to have been sold was in the same form, certifying the admission to citizenship in the same court of Leonado Salvatori on the 22d of October, 1891. On the trial Angello Cordello and Leonado Salvatori were called as witnesses for the defendant, and testified that they never applied for the certificates, never were in the court that issued them, did not authorize any one to get the certificates for them, and did not know the defendant. Angello Adamo, a witness for the prosecution, testified that he knew the defendant, and in October made an arrangement to purchase two certificates of citizenship from him, and agreed to give him eight dollars for the two; that he gave him the names of Leonado Salvatori and Angello Cordello on a slip of paper as the names of the persons for whom he wanted the certificates; and that afterwards, in the afternoon of the same day, the defendant delivered to him the two certificates above referred to, for which he paid the defendant eight dollars.

The counsel for the defendant at the close of the case for the prosecution moved that the jury be directed to find a verdict of not guilty, on the ground that it had not been proved that the certificates sold by the defendant were genuine certificates; and at the end of the case he moved that the jury be directed to find a verdict of not guilty, on the ground that the evidence showed that the certificates had been fraudulently obtained and were void; both of which motions were denied. He also requested the court to charge the jury that to convict the defendant they must find that the certificates were genuine and valid certificates, and that they were legally and properly issued for the persons named therein; each of which requests the court refused, and to each of which exceptions were duly taken. The court charged that the papers, being genuine papers, with the seal of the court upon them, and being issued for the two men named in them, could not be sold to Adamo without bringing the defendant within the law, to which the defendant duly excepted.

There can be no doubt upon the evidence that the certificates in question were procured by fraud and imposition upon the court that issued them, and that they would be canceled by the court upon proof of these facts. The defendant contends that section 5424 of the Revised Stat-

utes covers only the sale of valid certificates; and in support of that contention the case of *People* v. *Stevens*, 38 Hun, 62, is cited, in which it was held that the feloniously stealing by the defendant of a satisfaction piece of a mortgage before delivery would not sustain an indictment for larceny, because such an undelivered and inoperative satisfaction piece was not the subject of larceny. In the case of *Phelps* v. *People*, 72 N. Y. 334, it was held that a draft was the subject of larceny, under the express provisions of the state statute. And so the question here is purely one of the intent and construction of the federal statute. That question is to be decided not upon any mere technicality, but with reference to the language of the statute, its several clauses, and the evils it was intended to prevent.

The statute of 1813 (2 St. at Large, c. 42, § 13, p. 809) is referred to as the origin of the existing act, and as evidence that only the sale of valid certificates was intended, like those in that act contemplated and provided for the benefit of seamen. The language of the Revised Statutes, however, is somewhat different and broader than the earlier statute, and is made applicable to any "certificate of citizenship." It makes criminal the selling or disposing of, to "any person other than the person for whom it was originally issued, a certificate of citizenship, or certificate showing any person to be admitted a citizen." Preceding portions of the same section provide similar punishment for personating another person, or appearing in any assumed or fictitious name, or for falsely making, forging, or counterfeiting any oath, notice, affidavit, signature, etc., required or authorized in the course of naturalization; also for uttering, selling, or disposing of as true or genuine any false, forged, antedated, or counterfeited oath, notice, record, paper, etc. The clause last referred to covers the selling of forged certificates. That clause is followed by the clause on which the present indictment is founded. This clause evidently was designed to cover the sale of genuine certificates. It cannot apply to anything else; and it certainly does not lessen the offense that the genuine certificate was fraudulently procured.

Taking the provisions of section 5424 altogether, it seems manifest to me that its intention is to prohibit all selling of naturalization papers, whether genuine or forged, and whether valid or invalid. Both classes alike mean deception, and more or less of public mischief. The evils are the same, whether the papers sold are forged or genuine, when, as in this case, they appear to be regular on their face. The act as a whole shows that the sale of either was intended to be made alike criminal.

The fact that these certificates were fraudulently procured, and that, if the real facts had been known to the court, the certificates could not have been lawfully issued, seems to me immaterial. The certificates were genuine documents. They were issued by the superior court and "issued for" the persons severally named in them, to-wit, Angello Cordello and Leonado Salvatori, and for no one else; and the defendant knew this. They were also certificates that, in the language of the statute "showed" those two persons "to be admitted as citizens." They

were *prima facie* and apparently valid; and they seem to me to come precisely within the letter, the spirit, and the intent of the act. The motion should therefore be denied.