## WOODRUFF v. UNITED STATES.

(Circuit Court, D. Kansas.   November 29, 1893.)

1. POST OFFICE—MONEY-ORDER FUNDS.
    Post-office money-order funds are part of the public moneys of the United States.

2. TRIAL—INSTRUCTIONS—COMMENTS ON EVIDENCE.
    A federal judge is authorized, in criminal as well as civil cases, to express his opinion on the questions of fact which he submits to the jury, when he further tells them that they are the sole judges of the weight of the evidence and the credibility of the witnesses.

3. CRIMINAL LAW—SENTENCE—EMBEZZLEMENT OF .POST-OFFICE FUNDS.
    Under Rev. St. § 4046, declaring the embezzlement of post-office money-order funds a crime, and providing that one convicted thereof shall "be imprisoned * * * and fined in a sum equal to the amount embezzled," a sentence of imprisonment, without any fine, is invalid.

At Law. On writ of error to the district court. Trial of indictment against Frank Woodruff for embezzlement of postal-order funds. Judgment reversed.

J. G. Waters and S. R. Riggs, for plaintiff in error.
J. W. Ady and P. L. Soper, for defendant in error.

Before CALDWELL, Circuit Judge.

CALDWELL, Circuit Judge. The plaintiff in error was assistant postmaster of the United States at Lawrence, Kan. He was indicted, tried, and convicted in the district court of the United States for the district of Kansas for embezzling money-order funds in violation of section 4046 of the Revised Statutes of the United States, which reads as follows:

"Every postmaster, assistant, clerk, or other person employed in or connected with the business or operations of any money-order office who converts to his own use, in any way whatever, or loans, or deposits in any bank, except as authorized by this title, or exchanges for other funds, any portion of the money-order funds, shall be deemed guilty of embezzlement; and any such person, as well as every other person advising or participating therein, shall for every such offense, be imprisoned for not less than six months nor more than ten years, and be fined in a sum equal to the amount embezzled. ＊ ＊ ＊"

The first count in the indictment charged him with the embezzlement of $5,066.88 of the public moneys of the United States, the same being a portion of the money-order funds of the United States. The jury returned the following verdict: "We, the jury impaneled and sworn in the above-entitled cause, upon our oaths, do find the defendant guilty as charged in the first count of the indictment." The sentence of the court was that the defendant "be imprisoned in the Kansas state penitentiary for one year and one day."

Post-office money-order funds are part of the public moneys of the United States, and the contention to the contrary is not tenable.

It is assigned for error that the jury could not fail to draw the conclusion from the instructions that the judge thought the defendant was guilty. Conceding this to be so, it was not error. The judge told the jury that they were "the sole judges of the weight of evidence and the credibility of the witnesses;" and he said to them, "It is the province of the court to declare to you the law applicable to the facts of the case, but you are to ascertain and determine what the facts are, and to make your own conclusions and inferences from the facts and circumstances in evidence. ＊ ＊ ＊" Having told the jury that it was their province to determine the facts from the evidence, it was perfectly competent for the judge to indicate to the jury his opinion upon the facts. It is well settled that a judge presiding at a trial, civil or criminal, in any court of the United States, is authorized, whenever he thinks it will assist a jury in arriving at a just conclusion, to express to them his opinion upon the questions of fact which he submits to their determination. Simmons v. U. S., 142 U. S. 148, 12 Sup. Ct. 171.

It will be observed that the act under which the defendant was indicted declares that one convicted of the offense therein charged

shall "be imprisoned for not less than six months nor more than ten years, and be fined in a sum equal to the amount embezzled." The sentence in this case was one of imprisonment only, and not imprisonment and fine, as required by the statute. In the courts of the United States the rule is well settled that a judgment in a criminal case must conform to the requirements of the statute, and that any variation therefrom, either in the character or extent of the punishment inflicted, avoids the judgment. Ex parte Karstendick, 93 U. S. 396; In re Graham, 138 U. S. 461, 11 Sup. Ct. 363; Ex parte Lange, 18 Wall. 163; In re Mills, 135 U. S. 263, 10 Sup. Ct. 762; In re Johnson, 46 Fed. 477; Harman v. U. S., 50 Fed. 921; In re Pridgeon, 57 Fed. 200.

This court, sitting as a court of review, is not, on this record, called upon to point out the proper practice for the purpose of ascertaining the amount embezzled, with a view to the imposition of the fine which the statute requires shall be imposed. The question was not agitated in the lower court, and it will be time enough for this court to express an opinion upon it after it has been raised and decided by that court, and its ruling thereon brought up for review. As bearing somewhat on that question, see Reynolds v. U. S., 98 U. S. 145, note pp. 168, 169; Roberts v. State, (Fla. 1892,) 11 South. 536.

The judgment of the district court of the United States for the district of Kansas is reversed, and the cause remanded to that court "for further proceedings" therein according to law.