## UNITED STATES v. WOODRUFF.

(District Court, D. Kansas. June 1, 1895.)

No. 2,715.

CRIMINAL PROCEDURE—ERRONEOUS SENTENCE—UNDETERMINED ISSUE.

A defendant was convicted, under Rev. St. § 4046, of embezzling moneys received by him as assistant postmaster.    By consent of the district attorney, in view of the insolvency of the defendant, a verdict was taken upon the issue of embezzlement alone, without any finding of the amount embezzled; and the court sentenced the defendant to imprisonment only, without rendering judgment, by way of fine, for the amount embezzled.

For this error the judgment was reversed and the cause remanded for further proceedings according to law. *Held*, that the trial court was without authority to fix the amount of the fine without the verdict of a jury, and, as the two issues must be tried together, the defendant, having been once in jeopardy on the issue of the amount embezzled, must be discharged.

This was an indictment against Frank Woodruff for embezzlement. The defendant was convicted on trial in the district court. On writ of error to the circuit court the judgment was reversed, and the cause remanded for further proceedings. 58 Fed. 766. The district attorney now moves the court to take further proceedings according to law.

W. C. Perry, U. S. Atty., for the United States.

J. G. Waters and S. A. Riggs, for defendant.

PHILIPS, District Judge. The defendant was convicted in 1891, in this court, under section 4046, Rev. St. U. S., for embezzling moneys received by him as assistant postmaster at Lawrence, Kan., and was sentenced to the state penitentiary for a year and a day. On writ of error to the circuit court (this being prior to the act creating the United States circuit court of appeals) the judgment was reversed on the ground that the trial court failed to ascertain, and render judgment by way of fine for, the sum embezzled, as provided in said section. See Woodruff v. U. S., 58 Fed. 766. The order of the circuit court is that "the judgment of the district court of the United States for the district of Kansas is reversed, and the cause remanded to that court for further proceeding therein according to law." By assignment of the circuit judge, I am directed to sit in hearing the motion of the United States district attorney "for further proceeding therein according to law."

At the trial of this cause in 1891, the district attorney, being satisfied of the insolvency of the defendant, expressed his content with a verdict upon the issue of embezzlement, without any finding or judgment as to the amount thereof. The trial court adopted this suggestion of the district attorney, because it recalled the text in Cooley, Const. Lim. (6th Ed.) p. 403, that:

"If the legal punishment consists of two distinct and several things, as fine and imprisonment, the imposition of either is legal, and the defendant cannot be heard to complain that the other was not imposed also."

The case cited in support of this text (Kane v. People, 8 Wend. 211) holds that:

"The defendant may, on writ of error, object that the punishment is too great in its extent, or that it is different in form from what the law has prescribed; but where a party is subject to distinct and independent punishments for the same offense, if one of them is inflicted upon him by the sentence of the court, he cannot object that the court has not gone further, and inflicted the other punishment also."

The circuit court declined to give directions or to express opinion as to "the proper practice for the purpose of ascertaining the amount embezzled, with a view to the imposition of a fine which the statute requires shall be imposed," but did make reference to certain authorities which would seem to indicate that the inclination of the

court's mind was that the trial court might now proceed to enter up the proper judgment. It may be conceded to be the better established rule of criminal practice that where the trial court, after the coming in of a verdict of guilty, fails to render the proper judgment under the statute, on reversal for such error it may proceed to render the proper judgment. Reynolds v. U. S., 98 U. S. 168; Roberts v. State (Fla., 1892) 11 South. 536; Lacy v. State, 15 Wis. 13; State v. Smith, 6 Blackf. 549; Kelly v. State, 3 Smedes & M. 518; In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323. So there would be no legal difficulty in now correcting the judgment by imposing the corporeal punishment of imprisonment for embezzlement, and adding thereto a fine for the amount embezzled, provided the statute in question permits the construction that where the indictment, as in this case, sets out the sum embezzled, a verdict of guilty thereon, without more, would be sufficient to authorize the court to assume that the amount stated in the indictment was found by the jury to have been embezzled, or if the meaning of the statute be that, on return of verdict, of guilty, the court should proceed to fix the amount of the fine from the evidence in the case. The statute is silent on the subject. It does not provide, in terms, that the jury shall ascertain the sum embezzled. It would seem reasonable enough that the court should fix the amount of the fine, provided the statute contemplated a state of case where there was not any controversy as to the amount embezzled. But a statute like this, entitling the government to a judgment by fine against the defendant "in a sum equal to the amount embezzled," does not contemplate that the defendant, on a verdict of guilty of the act of embezzlement, should be concluded by the sum alleged in the indictment, as to the fine he should be called upon to pay. The statute, on the contrary, contemplates that there should be an ascertainment of the exact sum for which a fine may be imposed. On such an issue the defendant is entitled to his constitutional right of trial by jury, which he has not waived. Nor was the jury which tried the case charged by the court to ascertain, and return in their verdict, the amount embezzled by the defendant. Recurring to the evidence preserved in the bill of exceptions in this case, it must be conceded that the jury might well have found that the defendant embezzled a lesser sum than that charged in the indictment, and there was ground for reasonable difference of opinion among 12 honest men as to the maximum amount taken by the defendant. In such a conjuncture of affairs, what is the proceeding to be had "according to law?" The jury which tried the case have been discharged, and gone to their homes, and some of them may be dead, and the term of court at which the trial was had has passed. No warrant in law is known to this court for reassembling the jury to pass upon this issue. Can another jury be impaneled in the case? If so, would the whole of the issues under the indictment be submitted de novo, or the single issue as to the amount of the sum embezzled by the defendant? Ordinarily the reversal and setting aside of judgment is equivalent to an order for a new trial, in which the plea of autrefois convict would not apply, because the judgment was arrested upon the motion of the defendant. People v. Casborus, 13 Johns. 351. But

it is quite evident, from the opinion of the circuit judge, that it was not contemplated that there should be a new trial as to the embezzlement, because the opinion expressly holds that there was no reversible error on that issue, up to the time of entering the verdict in the case. The verdict on the question of embezzlement was, in and of itself, complete. On that verdict the statute authorized a judgment of sentence to imprisonment "for not less than six months nor more than ten years." It was on this view that the trial court conceived that the judgment (being responsive to this verdict, and in and of itself complete, as respects the corporeal punishment) was so far independent of the matter of the fine that the sentence for embezzlement could not be made to depend upon the fine,—the mere incident of the principal thing. But the circuit court has held, in effect, that the sentence of imprisonment is inseparable from the sentence of fine, and therefore the judgment of imprisonment for the act of embezzlement was reversed. And the trial court, in its opinion, being without authority to fix the amount of the fine without the verdict of the jury thereon, and the statute contemplating that the two issues of fact—as to the embezzlement, and the amount thereof—should be tried by one and the same jury, and the defendant having once been in jeopardy on the issue of fact as to the amount of his embezzlement, I see no escape from the conclusion, as a result of the reversal of said judgment, that the defendant must go "unwhipped of justice," and be discharged. Order of discharge made accordingly.