## In re CHRISTIAN.

(Circuit Court, W. D. Arkansas. June 15, 1897.)

1. CRIMINAL LAW—INVALIDITY OF SENTENCE—OMISSION OF "HARD LABOR."

In the courts of the United States the rule is that a judgment in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or extent of the punishment inflicted, renders the judgment void.

**2. SAME—HABEAS CORPUS—EXTENT OF RELIEF GRANTED.**

Petitioner was indicted and convicted under section 5392 of the Revised Statutes of the United States, which imposed as a penalty fine and imprisonment at hard labor. He was sentenced to pay a fine and be imprisoned in the House of Correction at Detroit, Mich. (a penitentiary), but "hard labor" was omitted in the sentence and judgment. On habeas corpus the defendant was released, but without prejudice to the right of the United States to take lawful measures to have him resentenced on the verdict against him.

Winchester & Martin and John Neal, for petitioner.
W. J. Horton, for the United States.

ROGERS, District Judge. W. S. Christian filed his petition in the Ft. Smith division of the circuit court of the United States for the Western district of Arkansas for a writ of habeas corpus. He alleges that at the May term, 1897, of the United States court for the Central district of the Indian Territory, sitting at Antlers, he was indicted and convicted of the crime of perjury, and was sentenced by the court "to be imprisoned in the Detroit House of Correction, at Detroit, Michigan, and to pay a fine of one dollar and costs of this action." He alleges that his term of imprisonment began on the 20th day of May, 1897, and that he has ever since been confined in the United States jail at Antlers, Ind. T., and that he is now in custody of J. P. Grady, United States marshal for said district, under a commitment, and is within the jurisdiction of the United States court for the Western district of Arkansas. The writ issued and was served on Grady in said last-named district. Grady responded, and filed his answer, in which he alleges that he holds the said Christian in his custody as United States marshal for the Central district of the Indian Territory under and by virtue of a mittimus issued out of and from said court at the May term, 1897, thereof, and makes a copy of the mittimus an exhibit to his answer, and alleges that he does not hold him otherwise. No question is made as to the regularity of the mittimus, except that part of it which recites the judgment of the court which sentenced the said Christian "to be imprisoned in the House of Correction situated at Detroit, Michigan, for the term and period of three years, and that he pay the United States of America a fine of one dollar, together with all costs in and about this prosecution laid out and expended, and that they have execution thereupon." It further appears from the mittimus that the said Christian was committed to the custody of the said marshal, who was commanded to receive and safely keep and convey the body of the said Christian to said House of Correction without delay, and deliver him to the custody of the keeper of the said jail, who shall receive and safely keep him in execution of the sentence. On the trial it was shown that petitioner had paid the fine of one dollar which was imposed by the judgment. Grady, the marshal, was served with the writ of habeas corpus issued by this court in the Western district of Arkansas, while en route to Detroit, Mich., with the petitioner.

It is contended—First, that the judgment and sentence under which the petitioner is held is illegal and void; second, that the commitment under which petitioner is held is illegal and void; third, that the court was without jurisdiction to impose the particular sentence

under which petitioner is held; and, fourth, that the petitioner's imprisonment and detention under said sentence is contrary to the laws of the state of Arkansas and contrary to the laws and constitution of the United States. All of these contentions may be summarized in one, which is that the court was without power to pronounce a judgment sentencing the petitioner to the House of Correction in Detroit, Mich., unless that sentence imposed upon the petitioner hard labor. The indictment was found under section 5392, Rev. St. U. S., which in substance provides that every person found guilty of perjury "shall be punished by fine of not more than two thousand dollars, and by imprisonment at hard labor not more than five years." It will be seen that there is no provision in the statute referred to for sentencing the petitioner to imprisonment in a penitentiary unless that sentence imposes as a part of the judgment hard labor. Section 5541, Rev. St., provides that in every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose; and section 5542 provides for similar imprisonment in the state jail or penitentiary where the person has been convicted of any offense against the United States and sentenced to imprisonment and confinement at hard labor. Section 5546 provides where such persons may be imprisoned in the event there may be no penitentiary or jail suitable for the confinement of convicts, or available therefor, in the territory or district where the party is convicted, and it provides that the attorney general of the United States may designate a jail or penitentiary in some other state or territory for that purpose. In the case at bar it seems that the attorney general had designated the House of Correction at Detroit, Mich., as a suitable place for prisoners to be confined who were convicted in the courts of the Central district of the Indian Territory. The simple question, therefore, arises whether or not a defendant convicted under a statute which imposes fine, and imprisonment at hard labor, may be imprisoned in a state penitentiary where the judgment pronounced against him does not impose hard labor. The negative of this proposition has been repeatedly held. In re Johnson, 46 Fed. 477; In re Mills, 135 U. S. 263, 10 Sup. Ct. 762; Harman v. U. S., 50 Fed. 922; Ex parte Karstendick, 93 U. S. 396, and cases there cited. See, also, Nielsen, Petitioner, 131 U. S. 176, 9 Sup. Ct. 672; In re Graham, 138 U. S. 461, 11 Sup. Ct. 363.

In re Johnson, 46 Fed. 477, is a case in which Johnson was convicted under precisely the same statute that the petitioner in this case was convicted under. Nelson, J., in that case said:

"It was held by the supreme court in Ex parte Karstendick, 93 U. S. 396, that in cases where the statute makes hard labor a part of the punishment, it is imperative upon the court to include that in the sentence."

In that case Johnson was sentenced to pay a fine of $10 and to be imprisoned for the term of six months in the Reformatory Prison for Women at Sherborn, and to stand committed until said sentence be performed. Sherborn was a state prison for the reformation and

punishment of female prisoners sentenced to hard labor by the courts of the state and the United States, and was held to be a state penitentiary within the meaning of sections 5541 and 5542. It will be seen that the judgment of the court in Johnson's case was directly in the teeth of section 5541 of the Revised Statutes of the United States, which by implication prohibits the sentencing of a defendant to a penitentiary unless the term of imprisonment exceeds one year.

In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, is in principle exactly the same as the Johnson Case, ante. Mills was convicted under section 3242, Rev. St., the punishment for which was a fine not less than $1,000 nor more than $5,000, and imprisonment not less than six months nor more than two years. Upon a plea of guilty the court sentenced him to one year's imprisonment in the Ohio Penitentiary, and to pay a fine of $100 and costs. On a plea of guilty upon an indictment based on section 2139, Rev. St., Mills was also sentenced to six months' imprisonment in the same penitentiary, and to pay a fine of $50, with costs, the second sentence to begin when the first expired. As stated above, the court had no power to sentence Mills to a state penitentiary unless .the imprisonment exceeded one year. The supreme court of the United States in that case said:

"A sentence simply of 'imprisonment,' in the case of a person convicted of an offense against the United States, where the statute prescribing the punishment does not require that the accused shall be confined in a penitentiary, cannot be executed by confinement in a penitentiary, except in cases in which the sentence is 'for a period longer than one year.' In neither of the cases against the accused was he sentenced to imprisonment for a period longer than one year. In one case, the imprisonment was 'for the term and period of one year'; in the other, 'for the term and period of six months.' There is, consequently, no escape from the conclusion that the judgment of the court sentencing the petitioner to imprisonment in a penitentiary, in one case for a year, and in the other for six months, was in violation of the statutes of the United States. The court below was, without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcended its powers. Ex parte Lange, 18 Wall. 163, 176; Ex parte Parks, 93 U. S. 18, 23; Ex parte Virginia, 100 U. S. 339, 343; Ex parte Rowland, 104 U. S. 604, 612; In re Coy, 127 U. S. 731, 8 Sup. Ct. 1263; Nielsen, Petitioner, 131 U. S. 176, 182, 9 Sup. Ct. 672."

The case of Harman v. U. S., 50 Fed. 922, is precisely in point in every particular except one, viz. Harman did not pay the fine imposed by the judgment. He pleaded guilty to an indictment under section 3893, Rev. St., and was sentenced to imprisonment in the Kansas State Penitentiary for five years, and to pay a fine of $300. The section of the statute under which he was convicted authorized the court to impose a fine of not less than $100 nor more than $5,000, or imprisonment at hard labor not less than one year nor more than ten years, or both, at the discretion of the court. This, however, was not a habeas corpus case, but a case on error to the district court of Kansas. Caldwell, J., in deciding the case said:

"The plaintiff in error (Harman) was sentenced to 'be imprisoned in the Kansas State Penitentiary for five years,' and hard labor is not made a part of the punishment, as the statute requires shall be done, where imprisonment forms any part of the sentence. When the statute makes hard labor a part of the punishment, it is imperative upon the court to include that in its sentence. Ex parte Karstendick, 93 U. S. 396. In the courts of the United States the rule is that a judgment in a criminal case must conform strictly to the statute,

and that any variation from its provisions, either in the character or extent of the punishment inflicted, renders the judgment absolutely void. * * * It seems probable that if the plaintiff in error had sought relief from the void sentence, after suffering a part of the punishment, by habeas corpus, his discharge would have been absolute and final, and he could not have been again sentenced or tried for the offense. Ex parte Lange, 18 Wall. 163; In re Johnson, 46 Fed. 477. Assuming, but not deciding, that his discharge on habeas corpus, after suffering a part of the punishment under the void sentence, would have precluded the imposition of a legal sentence upon a verdict of guilty, or another trial for the same offense, it does not follow that a reversal of such a sentence on a writ sued out by the defendant himself is attended with any such consequences."

It is not necessary to refer to the other cases cited. They differ from the above cases in certain particulars, but have less relevancy to the case at bar. No case has been found precisely like the one at bar. In this case petitioner was convicted under a statute which authorized the court to impose a fine, and also to imprison the petitioner at hard labor for a longer time than that for which he was sentenced. The gist of the cause of complaint by the petitioner, therefore, is that the court failed to impose hard labor, and not because the court sentenced him to the penitentiary. In other words, it is conceded that the court had the power to sentence the petitioner to the penitentiary, but it did not have that right unless hard labor was added to the imprisonment. This is precisely the complaint made in Harman v. U. S., supra, which, as stated, was a case on error to the district court of Kansas, and in which case Caldwell, J., held that the judgment was absolutely void, and reversed the case, to be proceeded with in conformity to law. However, in the case of Harman v. U. S., the fine imposed had not been paid. Harman declined to submit to the judgment, and sued out his writ of error. In the case at bar Christian has paid the fine before suing out his writ of habeas corpus, so that he has already suffered a part of the penalty inflicted by the court, and a part, too, which the court had the power to inflict. The question, therefore, arises, inasmuch as Christian has discharged that part of the judgment of the court which the court had the power to inflict, should he be held, or remanded to the United States court for the Central district of the Indian Territory to be resentenced upon the verdict rendered against him? Caldwell, J., in Harman v. U. S., supra, says:

"It seems probable that if the plaintiff in error had sought relief from the void sentence, after suffering a part of the punishment, by habeas corpus, his discharge would have been absolute and final, and he could not have been again sentenced or tried for that offense,"—citing Ex parte Lange, 18 Wall. 163, and In re Johnson, 46 Fed. 477.

He, however, expressly declined to decide that question, saying that "the same has not been argued, and no opinion is expressed upon it." He adds:

"If the defendant conceives that a legal sentence cannot now be imposed upon him on the existing verdict of guilty, and that he cannot again be tried for the same offense, he can raise these questions in the trial court."

Assuming, therefore, that Christian is entitled to the benefit of the writ of habeas corpus, the additional question arises as to whether or not he should be discharged peremptorily, without giving the United States an opportunity to take any lawful measures to have him sen-

tenced in accordance with the law upon the verdict against him. That question was before the supreme court of the United States in the case of In re Bonner, 151 U. S. 243, 14 Sup. Ct. 323.    In that case Bonner had been convicted under a statute the penalty for which was a fine of not more than $1,000, or by imprisonment not more than one year, or by both such fine and imprisonment.    The court sentenced him to imprisonment in the penitentiary at Anamosa, in the state of Iowa, for the term of one year, and to the payment of a fine of $1,000.    In that case Bonner was delivered to the keeper of the state penitentiary and had served a large portion of the sentence of imprisonment.    The sentence in that case was directly in violation of section 5541 of the Revised Statutes, which by implication prohibits the imprisonment in a penitentiary of any person who is not sentenced to imprisonment for a longer period than one year.    That case, therefore, is a much stronger case than the one at bar, because in the case at bar the court had the power to sentence Christian to the penitentiary, and also to sentence him to hard labor.    In the Bonner Case the court had no power to sentence Bonner to the penitentiary at all. But the court, in discharging Bonner from the custody of the keeper of the penitentiary, did so without prejudice to the right of the United States to take any lawful measures to have him resentenced on the verdict against him, and, I think, thereby established a sound and salutary practice, which should be followed, to the end that justice may not be thwarted by mere inadvertent errors of the court or clerical misprisions of the clerks, which do not prejudice the substantial rights of the defendant.    Moreover, there is ground for belief that the court, in sentencing Christian, sentenced him to imprisonment at hard labor, and that it was an inadvertence or misprision of the clerk that the judgment did not contain the sentence of hard labor.

Without reference, however, to this feature of the case, which is not raised by the answer, but was briefly referred to in argument on the trial, on the authority of In re Bonner, supra, the order will be that the petitioner be discharged from the custody of J. P. Grady, marshal of the Central district of the Indian Territory, but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with law upon the verdict of guilty against him, or to correct the judgment if the same was by misprision of the clerk erroneously entered.

See, also, Medley, Petitioner, 134 U. S. 175, 10 Sup. Ct. 384; Savage, Petitioner, 134 U. S. 176, 10 Sup. Ct. 389.    An interesting case is that of Ex parte Friday, 43 Fed. 916.