## UNITED STATES v. BRAUN & FITTS.

(District Court, D. New Jersey. December 30, 1907.)

FOOD—ACT REGULATING SALE OF OLEOMARGARINE—CORPORATIONS—CRIMES—PUNISHMENT BY IMPRISONMENT.

Act Cong. May 9, 1902, c. 784, § 5, 32 Stat. 196 [U. S. Comp. St. Supp. 1907, p. 640], regulating the sale of oleomargarine, provides that any person, firm, or corporation violating any of the provisions of the section should, on conviction, be punished by a fine or imprisonment or both, while section 6 (32 Stat. 197 [U. S. Comp. St. Supp. 1907, p. 641]) declares that wholesale dealers shall keep books and make such returns as is required by the Commissioner of Internal Revenue, and that "any person who willfully violates the provisions of the section" shall be fined not less than $50 and not exceeding $500, and be imprisoned not less than 30 days nor more than 6 months. *Held* that, since in case of a conviction for violating

section 6, the court is bound to include imprisonment as a part of the punishment which could not be imposed on a corporation, such section is not applicable to a corporation.

On Motion for New Trial.

Walter H. Bacon, Asst. Dist. Atty.
William H. Speer and J. Merritt Lane, for defendant.

LANNING, District Judge. The defendant is a corporation of the state of Illinois, and has been convicted by a jury upon an indictment founded on section 6 of the Oleomargarine Act of May 9, 1902, c. 784, 32 Stat. 197 [U. S. Comp. St. Supp. 1907, p. 641], which is as follows:

"That wholesale dealers in oleomargarine * * * shall keep such books and render such returns in relation thereto as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may, by regulation, require; and such books shall be open at all times to the inspection of any internal revenue officer or agent. And any person who willfully violates any of the provisions of this section shall for each such offense be fined not less than fifty dollars and not exceeding five hundred dollars, and imprisoned not less than thirty days nor more than six months."

At the trial the defendant offered no evidence, and asked for a direction to the jury that it render a verdict of "not guilty" on the ground that the section above quoted is not applicable to a corporation. The request was denied, but with an intimation that, in the event of a conviction by the jury, the court would hear argument on the question upon a motion to set aside the verdict and quash the indictment. Such an argument has now been heard.

The point urged in behalf of the defendant is that the section provides for the punishment only of any "person" who "willfully violates" any of its provisions, and that the punishment must be both fine and imprisonment. The provision of section 5 of the act is referred to as giving force to the argument. The concluding words of that section are:

"Any person, firm or corporation violating any of the provisions of this section, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment not less than one month nor more than six months, or by both said punishments, in the discretion of the court."

Section 5 applies, in express terms, to corporations, and gives the court discretionary power to punish either by fine or imprisonment, or both. Since a corporation cannot be imprisoned, may the court, under section 6, disregard so much of that section as prescribes punishment by imprisonment and punish only by fine? One may not easily discover a reason for including corporations in the provisions of section 5 and excluding them from the provisions of section 6. Each of the sections must be read, however, in the light of the ordinary rules of construction. One of those rules is that, in a criminal case in the courts of the United States, the judgment must conform strictly to the statute. In the Karstendick Case, 93 U. S. 396, 399, 23 L. Ed. 889, Mr. Chief Justice Waite, in applying that rule, declares that "in cases where the statute makes hard labor a part of the punishment, it is im-

perative upon the court to include that in its sentence." This language has been frequently quoted in subsequent opinions as a correct statement of the law. See In re Mills, 135 U. S. 266, 10 Sup. Ct. 762, 34 L. Ed. 107; United States v. Pridgeon, 153 U. S. 60, 14 Sup. Ct. 746, 38 L. Ed. 631; In re Johnson (C. C.) 46 Fed. 481; Harman v. United States (C. C.) 50 Fed. 922; In re Christian (C. C.) 82 Fed. 200; Whitworth v. United States, 114 Fed. 303, 52 C. C. A. 214. In Woodruff v. United States (C. C.) 58 Fed. 766, Judge Caldwell held, in a case in which the statute prescribed a penalty of fine and imprisonment, that a sentence of imprisonment only was erroneous and the judgment was reversed.

The counsel for the government insists that the defendant in the present case should be punished by the imposition of a fine. But the section on which the indictment stands requires that a defendant convicted under it shall be punished both by fine and imprisonment. The court has no authority to impose a fine only. The rule of construction above referred to will not permit the court to impose a fine without imprisonment, or imprisonment without a fine, where the Congress has said it shall impose both fine and imprisonment. Furthermore, the fact that section 6 does not expressly include corporations amongst the parties who may be punished thereunder, while they are expressly included in the provisions of section 5, and the fact that the penal provisions of section 6 are applicable only to "any person" who "willfully" violates the provisions of that section, show that it was not the legislative intent by section 6 to regulate in any wise the business of any corporation. It may be that such a construction discloses a serious defect in the law; but, if so, that defect must be cured by congressional and not judicial legislation.

The verdict of the jury will be set aside, and the indictment quashed on the grounds presented at the trial.