## BIDDLE, Warden, v. THIELE.

(Circuit Court of Appeals, Eighth Circuit. January 13, 1926.)

No. 6870.

1. **Criminal law** ⊜⇒1202(1)—**Second violation of National Prohibition Act must follow conviction of first, and third offense must follow commission and conviction of second after conviction of first (National Prohibition Act, tit. 2, § 29 [Comp. St. Ann. Supp. 1923, § 10138½p]).**

To constitute a second offense under National Prohibition Act, tit. 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p), there must have been both a prior commission and conviction, and, before there can be a third offense, there must have been a commission and conviction of a first offense, and subsequent to both a second offense and conviction.

2. **Criminal law** ⊜⇒1211—**Indictment and information** ⊜⇒114—**Indictment for third offenses against Prohibition Act held to charge only second offenses, and sentence for third offense excessive (National Prohibition Act, tit. 2, § 29 [Comp. St. Ann. Supp. 1923, § 10138½p]).**

Where indictment under National Prohibition Act, tit. 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p), for third offense, alleged an offense on December 12, 1921, a second offense on April 1, 1922, and a conviction for both on May 16, 1922, *held* second offenses only were alleged, and sentence as for third offense in excess of that authorized for second offenses was void.

3. **Criminal law** ⊜⇒991(2).

Where excessive portion of sentence is not separable, the whole is void.

4. **Habeas corpus** ⊜⇒111(1)—**Court may issue warrant for arrest for resentence of defendant entitled to be discharged on ground that former sentence was excessive and void (Rev. St. § 716 [Comp. St. § 1239]).**

Where sentence for third violation of National Prohibition Act was excessive and void, because indictment properly charged only second offense, and defendant was entitled to discharge from imprisonment, court was authorized to issue its warrant under Rev. St. § 716 (Comp. St. § 1239), addressed to marshal of any district where defendant could be found, directing him to arrest defendant and return him to district where convicted, for proper sentence.

5. **Habeas corpus** ⊜⇒111(2)—**Discharge of prisoner on habeas corpus for invalid sentence should be without prejudice to government's right to resentence, and notice should be given to prosecuting officer.**

Where prisoner, about to be discharged on habeas corpus for void sentence, is subject to resentence, order for discharge should be without prejudice to government's right to take lawful measures to obtain proper sentence, and notice of discharge should be given prosecuting officer of district where conviction was had, and discharge reasonably delayed to permit proper proceedings for arrest on discharge for purpose of resentence.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus proceeding by Alfred Thiele against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From a judgment discharging petitioner from custody, respondent appeals. Judgment modified, and, as modified, affirmed.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an appeal by W. I. Biddle, as warden of the United States Penitentiary at Leavenworth, Kansas, from a judgment discharging Alfred Thiele from custody upon his petition for habeas corpus.

Thiele was charged by indictment in the United States District Court for the Western District of Texas, San Antonio Division, in causes No. 4573 and No. 4314 with violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The indictment in cause No. 4573, omitting the formal parts, read as follows:

"That heretofore, to wit, on or about the 19th day of September, A. D. 1923, at the city of San Antonia, in the county of Bexar, state of Texas, Western district of Texas and San Antonio division thereof, and within the jurisdiction of this court, one Alfred Thiele did unlawfully, knowingly, willfully, and feloniously have in his possession for beverage purposes certain intoxicating liquor, to wit, two and one-half gallons of distilled spirits containing one-half of 1 per centum of alcohol by volume. * * *

" * * * That this is the third offense of unlawfully possessing intoxicating liquor committed by the said Alfred Thiele; that is to say, that heretofore, to wit, on May 16, 1922, in case No. 3590, pending at the San Antonio division of this honorable court, the said Alfred Thiele was adjudged guilty, as confessed in his plea of guilty, of the of-

fense of having unlawfully had in his possession on or about the 12th day of December, A. D. 1921, certain intoxicating liquor, to wit, five gallons and three quarts of whisky, and that on the 16th day of May, A. D. 1922, in case No. 3683, pending at the San Antonio division of this honorable court, the said Alfred Thiele was adjudged guilty, as confessed in his plea of guilty, of the offense of having unlawfully had in his possession on or about the 1st day of April, A. D. 1922, certain intoxicating liquor, to wit twelve quarts of a liquid resembling whisky."

The indictment in cause No. 4314 charged Thiele with the unlawful possession of intoxicating liquor on the 1st day of April, 1923, in the Western district of Texas, San Antonio division. This indictment also undertook to charge a third or subsequent offense, by alleging the same prior offenses and convictions alleged in cause No. 4573, in substantially the same language as that employed in the indictment in cause No. 4573.

Thiele pleaded guilty in cause No. 4573, and was tried and convicted in cause No. 4314. In each of the above cases he was sentenced to pay a fine of $500 and to serve a term of 18 months in the United States Penitentiary at Leavenworth.

The petition for a writ of habeas corpus, among other things, set up that the sentences were excessive and void.

It will be noted that the same prior offenses and convictions were set up in both indictments, that one of the prior offenses was alleged to have been committed on December 12, 1921, and the other on April 1, 1922, and that the convictions for these offenses were both alleged to have been had on May 16, 1922.

Section 29 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p), in part, provides:

"Any person violating the provisions of any permit, or who makes any false record, report, or affidavit required by this title, or violates any of the provisions of this title, for which offense a special penalty is not prescribed, shall be fined for a first offense not more than $500; for a second offense not less than $100 nor more than $1,000, or be imprisoned not more than ninety days; for any subsequent offense he shall be fined not less than $500 and be imprisoned not less than three months nor more than two years. It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information or indictment."

[1] As no special penalty is provided for the unlawful possession of intoxicating liquor, the provisions of the above section apply. Under this act, in order to constitute a second offense, there must be a commission and a conviction of a first offense and subsequently thereto the commission of the second offense, and, in order to constitute a third or subsequent offense, there must be a commission and conviction of a first offense and subsequently thereto a commission and conviction of a second offense, and subsequently thereto a commission of the third offense; in other words, the subsequent offenses must follow, not only previous commission, but also previous conviction. This is clearly indicated by the provision of the statute above quoted requiring the prosecuting officer to plead the prior conviction in the information or indictment. Singer v. U. S. (C. C. A. 3) 278 F. 415; Massey v. U. S. (C. C. A. 8) 281 F. 293.

In Singer v. U. S., supra, the court said:

"The authorities overwhelmingly establish, first, that in the legal sense a conviction is a judgment on a plea or verdict of guilty; *second, a second offense, carrying with it a more severe sentence, cannot be committed in law until there has been a judgment on the first;* third, the indictment, charging the accused of being a second offender, must set forth the fact of the prior conviction, as that is an element of the offense in the sense that it aggravates the offense described in the indictment, and authorizes the increased punishment." (Italics ours.)

[2, 3] Thiele had not committed and had not been convicted of a second offense prior to the times the respective offenses charged in the indictments were committed. It follows that the offense charged in each of the above indictments was a second offense and not a third or subsequent offense. The maximum punishment for a second offense is a fine of $1,000 or an imprisonment for 90 days. This being true, the sentences were excessive. There being no way to separate the excessive portion from the valid portion of these sentences, they were wholly void.

[4] Each indictment sufficiently charged a second offense under the statute. The United States court for the Western district of Texas, San Antonio division, may issue its warrant under R. S. § 716 (Comp. St. § 1239), addressed to the marshal of any district in which Thiele may be found, directing such marshal to arrest Thiele and deliver him to the custody of the marshal of the Western

district of Texas, and directing the latter marshal to return Thiele to the Western district of Texas, and there hold him to abide the action of the court of that district. In that way, Thiele may be again taken before the court in which the convictions were had and sentenced by that court according to law. In re Christian (C. C.) two cases, 82 F. 199 and 885; In re Bonner, Petitioner, 14 S. Ct. 323, 151 U. S. 242, 38 L. Ed. 149; Medley, Petitioner, 10 S. Ct. 384, 134 U. S. 160, 33 L. Ed. 835; Beale v. Commonwealth, 25 Pa. 11, at page 22.

[5] Where a prisoner is about to be discharged upon habeas corpus because of a void sentence, and he is subject to resentence, as in the instant case, we approve the practice followed in Re Christian, supra, Medley, Petitioner, supra, and In re Bonner, supra, of giving notice thereof to the prosecuting officer of the district where the conviction was had, and delaying the discharge of the prisoner for such reasonable time as may be necessary for proper proceedings to be taken to have the prisoner arrested upon his discharge and returned to the court in which he was convicted for the purpose of resentence.

The order discharging Thiele from custody should have been without prejudice to the right of the United States to take any lawful measures to have Thiele sentenced in accordance with law upon the verdict of guilty in cause No. 4314 and plea of guilty in cause No. 4573:

It is so modified, and as modified, affirmed.