## BIDDLE, Warden, v. SHIRLEY.

(Circuit Court of Appeals, Eighth Circuit. December 1, 1926.)

No. 7214.

1. Criminal law ⬤⟳999(1)—"Mittimus" after conviction cannot vary or contradict judgment.

The "mittimus" after conviction is a final process for carrying into effect the judgment of the court, and cannot vary or contradict the judgment on which it is based.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mittimus.]

2. Criminal law ⬤⟳984—Sentence imposed on count voluntarily dismissed is void.

A judgment imposing sentence on a count to which defendant did not plead, and which was voluntarily dismissed, is void.

3. Habeas corpus ⬤⟳111(1)—Defendant, erroneously sentenced on wrong count, should not be discharged on habeas corpus without giving opportunity to have him resentenced.

Where a defendant pleaded guilty on one count, but was sentenced on a different count, his discharge on habeas corpus should be without prejudice to the right to have him resentenced on the proper count, and should be delayed to give opportunity to do so.

Appeal from the District Court of the United States for the District of Kansas.

Petition by Danny Shirley against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan., for writ of habeas corpus. Writ granted, and respondent appeals. Order modified and affirmed.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellant.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an appeal by W. I. Biddle, as warden of the United States penitentiary at Leavenworth, from an order discharging Danny Shirley from custody upon his petition for a writ of habeas corpus.

Shirley was charged by indictment in the District Court of the United States for the Southern District of California, Southern Division, in five counts, with violations of the National Motor Vehicle Theft Act (41 Stat. 324 [Comp. St. §§ 10418b–10418f]). He pleaded guilty to the first and third counts of the indictment, and the government dismissed the second, fourth, and fifth counts. The judgment of the court read as follows:

"The judgment of the court is that the defendant, on the first count of the Indictment be confined in the United States penitentiary at McNeil Island, state of Washington, for the term and period of two (2) years, and, on the second count a like term and period is also imposed; said terms and periods of imprisonment not to run concurrently. Now, on motion of H. L. Dickson, Esq., counsel for the government, the second, fourth, and fifth counts of the indictment are ordered stricken."

The commitment, in part, read as follows:

"Danny Shirley was convicted of the crime of transporting stolen motor vehicles interstate, etc., in violation of the Act of October 17, 1919, committed on the 2d day of January, 1921, and within the jurisdiction of said court, contrary to the form of the statutes of the United States in such case made and provided, and against the peace and dignity of the said United States.

"And whereas, on the 25th day of April, A. D. 1921, being a day in the said term of said court, said Danny Shirley was, for said crime of which he stood convicted as aforesaid by the judgment of said court, ordered to be imprisoned in the federal penitentiary at McNeil Island, Washington, for the term and period of two (2) years on each of the first and third counts of the indictment, said terms and periods to run consecutively."

After having served part of his sentence at McNeil Island, Shirley was transferred to the United States penitentiary at Leavenworth.

After having served the full term of the sentence imposed upon him under the first count, Shirley filed his petition for a writ of habeas corpus. He alleged therein the indictment, his pleas of guilty to the first and third counts, and the judgment of the court above set out. He further alleged that he had served his full time under the judgment and sentence upon the first count, and that the sentence upon the second count was null and void. Biddle filed a motion to dismiss the petition. The court overruled the motion, and ordered that Shirley be discharged.

Counsel for the government contend that the language of the commitment is controlling, and that the trial court erred in granting the order of discharge.

[1] The mittimus after conviction in criminal cases is a final process for carrying into effect the judgment of the court. Scott v. Spiegel, 67 Conn. 349, 35 A. 262; Taintor v. Taylor, 36 Conn. 242, 4 Am. Rep. 58; People v. Moore, 3 Parker, Cr. R. (N. Y.) 465. The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence. Howard v. U. S. (C. C. A. 6) 75 F. 986, 989, 34 L. R. A. 509; People ex rel. Trainor v. Baker, 89 N. Y. 460. The mittimus is predicated upon the judgment of conviction and must be in substantial accord therewith. Ex parte Cloy, 4 Porto Rico, 20; 16 C. J. § 3122, p. 1328. It, of course, cannot vary or contradict the judgment upon which it is based.

[2] The judgment clearly undertook to impose a sentence of two years on the second count, to which Shirley did not plead, and which was voluntarily dismissed by the government. The judgment, in so far as it undertook to sentence Shirley on the second count, was void. Shirley, therefore, was entitled to the order of discharge.

[3] However, since Shirley has pleaded guilty to the third count of the indictment, and no sentence has been imposed thereon, the District Court for the Southern District of California may have Shirley taken into custody and brought before that court for the imposition of a proper sentence upon his plea of guilty to the third count. The trial court should have delayed the order of discharge a sufficient time to permit the proper authorities for the Southern District of California to take steps to have Shirley removed to the

Southern District of California upon his discharge from the penitentiary for the purpose of sentence upon his plea of guilty to the third count. See Biddle v. Thiele (C. C. A. 8) 11 F.(2d) 235.

The order discharging Shirley from custody should have been without prejudice to the right of the United States to take any lawful measures to have Shirley sentenced in accordance with law upon the plea of guilty to the third count. Biddle v. Thiele, supra.

It is so modified, and, as modified, affirmed.