UNITED STATES *v.* WADDELL and others.

*(Circuit Court, E. D. Arkansas.* April Term, 1883.)

SETTLERS ON PUBLIC LANDS—CONSPIRACY TO INTIMIDATE—CRIME UNDER SECTION 5508, REV. ST.

During the period that a settler on public lands is required by the laws of the United States to reside upon the land in order to perfect his title thereto, he is in the enjoyment of a right guarantied to him by those laws, and a conspiracy to deprive him of that right is a conspiracy to deprive him of a right guarantied by the constitution and laws of the United States, and a crime under section 5508 of the Revised Statutes.

On Demurrer to the Information.

*Charles C. Waters,* U. S. Atty., for plaintiff.

*Joseph W. Martin,* for defendants.

Before McCRARY and CALDWELL, JJ.

McCRARY, J. This is a criminal information, filed by the United States attorney, charging an offense under section 5508 of the Revised Statutes of the United States. The information contains three counts. The first count charges—

"That Burrell Lindsay, a citizen of the United States of America, on the thirtieth day of December, 1882, at the United States land-office in Little Rock, Arkansas, made homestead entry of the following-described tract of land belonging to the United States in the county of Van Buren, and eastern district of Arkansas, to-wit, the S. W. fractional $\frac{1}{4}$ of section 26 S., township 9 N., range 13 W., and that thereafter, on the tenth day of January, 1883, the said Burrell Lindsay, citizen of the United States as aforesaid, was residing upon and cultivating said tract of land as aforesaid, for the purpose of protecting his right to the same, under the laws of the United States, as a homesteader, in good faith, his right to a patent from the United States to such land not yet having accrued, and that David Waddell, Samuel McDaniel, James Holland, R. M. Evans, Joel Hubband, and Benjamin F. Palmer, being persons of evil minds and dispositions, together with divers evil-disposed persons whose names are to the said United States attorney unknown, on the said tenth day of January, 1883, at the eastern district of Arkansas, did conspire to injure, oppress, threaten, and intimidate the said Burrell Lindsay, citizen of the United States as aforesaid, in the free exercise and enjoyment of certain rights and privileges secured to him by the constitution and laws of the United States, and because of his having exercised the same, to-wit, the right and privilege to make said homestead entry on lands of the United States as aforesaid, and the right and privilege to reside upon, cultivate, and improve said homestead entry, and the right to mature title to himself to said homestead entry; said rights and privileges being duly conferred upon him, the said Burrell Lindsay, citizen of the United States as aforesaid, by the constitution and laws of the United States, and in particular by sections 2289, 2290, 2291, Revised Stat-

utes of the United States, and other laws of congress as to homestead entries, and by his individual acts in compliance therewith and in pursuance thereof, contrary to the form of the statute," etc.

The second count makes the same opening averments as to homestead entry and conspiracy, and concludes by charging an overt act in pursuance of the conspiracy.

The third is framed under the latter clause of section 5508, Rev. St. It makes the same opening averment as the first count in reference to homestead entry and occupancy, and concludes by charging that defendants went in disguise upon the premises of the homesteader with intent to deprive him of his right to occupy same and perfect his title.

It is insisted that the information fails to charge any offense against the United States, and also that section 5508 of the Revised Statutes is unconstitutional. We all know that the homestead law of the United States requires the settler to reside for a given period upon the tract of public land selected as a homestead before he can perfect his title and obtain his patent. His continued residence upon the land during this period is therefore a requirement of the law, and to deprive him of the right to remain upon the land for the purpose of perfecting his title would seem to me to be to deprive him of a right guarantied to him by the homestead act. Section 5508 of the Revised Statutes of the United States provides for the punishment of two or more persons who shall "conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the constitution or laws of the United States, or because of having exercised the same." Is this statute violated by a conspiracy to drive a homesteader off the land taken up by him as a homestead, and while he is occupying it for the purpose of completing his title? During that time his title is inchoate, and if he leaves the land he forfeits his right. If the alleged outrage had been committed after his title was complete, we should all agree that the crime was one arising under the laws of the state alone.

But the question here is whether, during the period that the settler is required by the laws of the United States to reside upon the land in order to perfect his title, he is in the enjoyment of a right guarantied to him by those laws, so that a conspiracy to deprive him of that right is a crime under the act of congress; in other words, whether it is a conspiracy to deprive him of a right guarantied to him by the constitution and laws of the United States. Upon this question

we are not entirely agreed. The court is always reluctant in a criminal case to decide finally a question of law which goes to the merits of the case, because, without a certificate of division, there is no writ of error, and the judgment of the court in respect to such a case is final. My own inclination is to hold that the offense here specified is a crime under the laws of the United States, but in view of the doubts in my mind I should be very reluctant to do so, unless upon certificate of division, which will enable the defendants to take the case to the supreme court. My brother, Judge CALDWELL, is inclined to the other view. We can, therefore, certify the question for the final determination of the supreme court, and that is what we have decided to do. It is an interesting question, and one of grave doubt and one of general importance, because homestead laws are not of such a transient character that they are likely to pass away speedily; they are permanent laws, and will remain for a long period in this country.

The result is that the questions arising on the demurrer to the information will be certified.