In re PRIDGEON.

(Circuit Court, S. D. Ohio, E. D. July 7, 1893.)

No. 654.

CRIMINAL LAW—SENTENCE—EXCESSIVE PUNISHMENT—IMPRISONMENT DOES NOT INCLUDE HARD LABOR—HABEAS CORPUS.

The act of February 15, 1888, (25 Stat. 33,) which prohibits horse stealing in the Indian Territory, under penalty of fine or imprisonment, or both, does not warrant a sentence of imprisonment at hard labor, and a person under such a sentence is entitled to his discharge on habeas corpus.

Application by Sidney S. Pridgeon for a writ of habeas corpus. Granted.

A. H. Johnson and E. C. Irvine, for applicant.
Henry Hooper, Asst. U. S. Atty., for respondent.

SAGE, District Judge. The applicant was indicted by the grand jury of the district court of the first judicial district within and for Logan county, Okl. T., and for the Indian country attached thereto for judicial purposes, sitting with the powers of a district court of the United States, at the September term, 1890, of said court, to wit, on the day of said term which fell on the 28th of November, 1890, for the larceny of one horse, three fillies, seven mares, and six colts, within that part of the Indian Territory attached to said Logan county for judicial purposes. The territory so attached included a described part of the Cherokee Outlet, and all the lands occupied by the Kansas, Tonkawa, Otoe, and Missouri tribes of Indians, together with part of the land occupied by the Osage Indians, and a portion of the Iowa and Kickapoo and Sac and Fox countries. He was tried, convicted, and sentenced by said court to be imprisoned in the penitentiary at Columbus, Ohio, at hard

labor, for the term of five years, and to pay the costs of prosecution. In pursuance of said sentence he was transported to the Ohio penitentiary, and has ever since been, and is now, a prisoner there.

It is conceded that the only statute under which the court could have had jurisdiction is the act of February 15, 1888, (25 Stat. 33,) and volume 1, Supp. Rev. St. U. S. (2d Ed.) p. 578. That statute provides "that any person hereafter convicted in the United States courts having jurisdiction over the Indian Territory or parts thereof, of stealing any horse, mare, gelding, filly, foal, ass, or mule, when said theft is committed in the Indian Territory, shall be punished by a fine of not more than $1,000, or by imprisonment not more than fifteen years or by both such fine and imprisonment at the discretion of the court." That the court had jurisdiction under this act is not conceded by counsel for the petitioner. It is unnecessary, however, to enter upon the discussion of that question, because of the concession on behalf of the government,—which is undoubtedly correct, —that, unless the court had jurisdiction under that act, it had no jurisdiction at all. Assuming, therefore, for the purposes of this case, that the court had jurisdiction under that act, the application must be granted, for the reason that the sentence was imprisonment at hard labor for five years, and the act provides for "imprisonment, not more than fifteen years." The general rule as stated by Justice Field in Re Graham, 138 U. S. 462, 11 Sup. Ct. Rep. 363, is "that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment absolutely void." Accordingly, it was held in Harman v. U. S., 50 Fed. Rep. 921, that where the penalty provided by a statute was imprisonment at hard labor, and the sentence was imprisonment, hard labor not being made part of the punishment, the sentence was void. See, also, Ex parte Karstendick, 93 U. S. 396; In re Mills, 135 U. S. 263, 10 Sup. Ct. Rep. 762; and In re Johnson, 46 Fed. Rep. 477.

The statement was made upon the hearing that the case of William Skagg, upon which an application, it was announced, is to be made, will present precisely the same state of facts, and this is conceded by the United States attorney. If so, the application will have to be granted in that case, also.

I have purposely avoided the consideration of other questions argued upon the hearing of the application, and confined myself to the discussion of the one which, in my opinion, is decisive.