## HAYNES et al. v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. April 16, 1900.)

### No. 1,251.

1. CRIMINAL LAW—CONSOLIDATION OF INDICTMENTS.

Where two indictments of the same defendants are based on cognate statutes and relate to the same transaction, they may properly be consolidated.

2. SAME—WAIVER OF OBJECTION.

Defendants who interpose no objection to the consolidation of indictments when made cannot object for the first time after judgment.

3. INDICTMENT—DESCRIPTION OF OFFENSE—PREVENTING SETTLEMENT ON PUBLIC LAND.

An indictment under Act Feb. 25, 1885 (23 Stat. 321), charging the defendants with having, by force, threats, and intimidation, prevented and obstructed a person from peaceably entering upon and establishing a settlement upon a tract of public land, which follows the language of the statute, describes the acts of the defendants and the land, charges that it was public land subject to entry under the laws of the United States, and names the person who was prevented from entering and establishing a settlement thereon, is sufficiently specific in describing the offense.

4. SAME—CONSPIRACY.

An indictment under Rev. St. § 5508, charging a conspiracy to prevent a person from entering upon a tract of public land and establishing a settlement thereon, which fails to describe the acts constituting the conspiracy, to describe the land, or to aver that it was public land subject to entry, is insufficient.

5. CRIMINAL LAW—VALIDITY OF SENTENCE.

Where there is a general verdict of guilty on an indictment containing several counts, the fact that some of the counts are bad does not vitiate a sentence which does not exceed that which might properly be imposed on the good counts.

6. SAME—SENTENCE TO HARD LABOR.

A defendant, convicted under a criminal statute of the United States prescribing punishment by "imprisonment," cannot be sentenced to hard labor.

7. SAME—IMPRISONMENT IN PENITENTIARY.

Unless a defendant, convicted of an offense against the United States, is sentenced to a term of imprisonment exceeding one year, so as to come within the provision of Rev. St. § 5541, the court has no power to direct the sentence to be executed by confinement in a penitentiary.

8. SAME—CORRECTION OF SENTENCE ON APPEAL.

Errors in a sentence, in directing the manner or place of its execution, do not necessitate a new trial; but the appellate court may either correct the sentence or remand the case for its correction by the trial court.

In Error to the Supreme Court of New Mexico.

James Haynes, William Johnson, William F. Gilliland, and Wilson Kountz, the plaintiffs in error, and one Nicholas Q. Patterson, since deceased, were in-

101 F.—52

dicted by the grand jury of the district court of the Third judicial district of the territory of New Mexico for violation of the provisions of section 5508, Rev. St. U. S., and section 3 of chapter 149 of the act of February 25, 1885 (23 Stat. 321). There were two indictments against the parties, each containing three counts. On motion of the United States the two indictments were consolidated, for the reasons that both related to the same transaction and were based on the same evidence. Upon trial the jury found the plaintiffs in error guilty on all the counts in the two indictments, the verdict being a general verdict of guilty as charged in each indictment. A motion in arrest of judgment was filed and overruled. Thereupon the court sentenced the defendants to pay a fine of $100 and all costs of the prosecution, and that they be confined in the territorial penitentiary of New Mexico at hard labor for the period of one year. An appeal was taken to the supreme court of the territory of New Mexico. A bill of exceptions had been filed in the district court. In the territorial supreme court a motion was filed on behalf of the United States to strike out the bill of exceptions, because it was signed and sealed after the expiration of the time within which the court had power to do so. This motion was sustained by the supreme court, and the bill of exceptions stricken from the records. The record sent to this court does not contain any bill of exceptions. The final hearing of the supreme court of the territory affirmed the judgment of the court below, and the cause was removed to this court by writ of error.

S. B. Newcomb (J. F. Bonham, on the brief), for plaintiffs in error.
Edward A. Rozier, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

As there is no bill of exceptions before us, we are confined to those questions which appear in the record. There was no error in consolidating the two indictments, as all the counts in each of the indictments were based on cognate statutes and relate to the same transaction. Logan v. U. S., 144 U. S. 297, 12 Sup. Ct. 617, 36 L. Ed. 429; Porter v. U. S., 33 C. C. A. 652, 91 Fed. 494; Rev. St. § 1024. Moreover, the defendants interposed no objection to the consolidation when made. "Having gone to trial without objection on the indictment as consolidated under the last order of the court, it was not open to any of them to take the objection for the first time after judgment." Logan v. U. S., 144 U. S. 263, 297, 12 Sup. Ct. 617, 36 L. Ed. 429.

Indictment No. 1,208 is drawn under the provisions of section 3 of the act of congress approved February 25, 1885 (23 Stat. 321). That section reads as follows:

"Sec. 3. That no person, by force, threats, intimidation, or by any fencing or inclosing, or any other unlawful means, shall prevent or obstruct, or shall combine and confederate with others to prevent or obstruct, any person from peaceably entering upon or establishing a settlement or residence on any tract of public land subject to settlement or entry under the public land laws of the United States, or shall prevent or obstruct free passage or transit over or through the public lands: provided, this section shall not be held to affect the right or title of persons, who have gone upon, improved or occupied said lands under the land laws of the United States, claiming title thereto, in good faith."

The first count is based upon that part of the statute prohibiting, by force, threats, and intimidation, any person from peaceably entering upon and establishing a settlement upon a tract of public land.

It follows the language of the statute, and describes the unlawful acts of defendants by charging that the force, threats, and intimidations were by the unlawful use of guns, pistols, blows, ropes, and tar. It describes with particularity the part of land which Gifford was prevented by the unlawful acts of defendants from entering upon and establishing a settlement upon, and also charges that the land was then public land of the United States, subject to entry under the public land laws of the United States. This clearly furnished to the accused full information as to all acts which they are charged to have committed, and enabled them properly to prepare for their defense. The second and third counts of this indictment, while based upon different parts of that section, are equally full and comprehensive, and are not subject to the objections raised by the plaintiffs in error.

The indictment No. 1,209 is drawn under section 5508 of the Revised Statutes of the United States. The first count in that indictment fails to describe any of the acts which constituted the conspiracy. It does not charge what lands Gifford was prevented from entering, nor that they were public lands. This count is therefore clearly bad, and no conviction thereunder can be sustained. But the second and third counts of that indictment set out fully all the acts which the defendants conspired to do to prevent Gifford, who was alleged in the indictment to be a citizen of the United States, from the free exercise and enjoyment of a certain right and privilege secured to him by the laws of the United States; that is to say, the right to then and there peaceably enter upon, prospect for minerals, initiate, locate, establish, and perfect a mining claim upon the public lands of the United States under the public land laws of the United States,—describing the land, and charging that it was public lands of the United States. The third count sets out the facts even more fully than the second count. Both of these counts charge the facts very fully, much more so than they are charged in the information filed in the case of U. S. v. Waddell, 112 U. S. 76, 5 Sup. Ct. 35, 28 L. Ed. 673, which was held to be good by the supreme court. The information in that case is set out at large in U. S. v. Waddell (C. C.) 16 Fed. 221.

The jury rendered a general verdict of guilty on all the counts in both indictments; but two sentences only were imposed,—one under each indictment,—and under these the sentence of imprisonment was concurrent. The presence of one bad count does not vitiate the verdict. The rule is that where there is a general verdict of guilty on an indictment containing several counts, some of which are good and some bad, and the sentence imposed does not exceed that which might properly have been imposed upon conviction under the counts which are good, the sentence is good, notwithstanding one or more of the counts is bad. Evans v. U. S., 153 U. S. 584, 14 Sup. Ct. 934, 939, 38 L. Ed. 830; Id., 153 U. S. 608, 14 Sup. Ct. 939, 38 L. Ed. 830; Claassen v. U. S., 142 U. S. 140. 12 Sup. Ct. 169, 35 L. Ed. 966; Peters v. U. S., 36 C. C. A. 105, 94 Fed. 127; 2 Bish. Cr. Proc. 841.

Neither of the statutes on which the indictments are founded provides for punishment at hard labor, yet the judgment of the court below is that the defendants shall be confined in the penitentiary of

the territory of New Mexico for the period of one year "at hard labor." Section 5508, Rev. St., provides that upon conviction "they shall be fined not more than $5,000, and imprisoned not more than ten years." The act of February 25, 1885, provides for a fine not exceeding $1,000 and imprisonment not exceeding one year. The sentence to hard labor, that not being a part of the punishment prescribed for the offense by statute, was erroneous. Gardes v. U. S., 30 C. C. A. 596, 87 Fed. 172; Harmon v. U. S. (C. C.) 50 Fed. 921; In re Christian (C. C.) 82 Fed. 199.

Section 5541 of the Revised Statutes of the United States provides that, in every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period "longer" than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where said court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose. In Re Mills, 135 U. S. 263, 270, 10 Sup. Ct. 762, 34 L. Ed. 107, it was held that, where the statute of the United States prescribing a punishment by imprisonment does not require that the accused shall be confined in the penitentiary, a sentence of imprisonment in the penitentiary cannot be imposed unless the sentence is for a period "longer" than one year. In Re Bonner, 151 U. S. 252, 14 Sup. Ct. 323, 38 L. Ed. 149, the same rule was recognized. The sentences of imprisonment in this case not being for a period longer than one year, it was error to order them to be executed by confinement in a penitentiary; and, neither of the statutes on which the indictments are founded providing for punishment at hard labor, that part of the sentence is also erroneous.

Errors of this character, in the sentence merely, do not necessitate a new trial. Gardes v. U. S., supra; Beale v. Com., 25 Pa. St. 11; Murphy v. Massachusetts (decided April 9, 1900) 20 Sup. Ct. 639, Adv. S. U. S. 639, 44 L. Ed. ——. The only question in such case is whether the errors in the sentence shall be corrected by the appellate court, as was done in Gardes v. U. S., supra, or whether the record shall be remitted to the trial court, with instructions to modify the sentence by eliminating therefrom the parts which are in excess of the powers of the court imposing the sentence, as was done in Beale v. Com., and Murphy v. Massachusetts, supra. It is competent for the appellate court to pursue either method. We adopt the latter method in this case for the reason that we are not possessed of the requisite information to enable us to designate a suitable jail or other place of imprisonment in lieu of the penitentiary.

The case is therefore remanded to the district court of the Third judicial district of the territory of New Mexico, with instructions to modify the sentences by striking therefrom the words "at hard labor," and the words "the superintendent of the territorial penitentiary," and in lieu of the latter words designate some suitable jail or other place of imprisonment of the defendants which is not a penitentiary. With this modification, the judgment of the supreme court of the territory of New Mexico and the judgments of the district court of the Third judicial district of the territory of New Mexico are affirmed.