ATLANTA, K. & N. RY. CO. v. HOOPER.

(Circuit Court of Appeals, Sixth Circuit. December 10, 1900.)

No. 823.

APPEAL—REVERSAL—MANDATE—VOLUNTARY NONSUIT.

A mandate which, after ordering a reversal, contains a direction "to grant a new trial, to sustain the plea of * * * limitations, * * * and to enter judgment for the defendant," does not make a new trial compulsory, but merely allows plaintiff if he desires it, the further directions as to the plea and entry of judgment to govern only in case he elects to take a new trial; so that after the trial court, on reception of the mandate, has entered an order setting aside the judgment theretofore entered and granting a new trial, plaintiff may take a voluntary nonsuit.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

Alexander Smith, for plaintiff in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge. This is a suit brought under a statute of Tennessee to recover for the wrongful death of the intestate occasioned by the negligence of the railroad company. The case was before us on a previous occasion, and the facts and the decision of this court are reported in 92 Fed. 820, 35 C. C. A. 24. It was then held, reversing the judgment of the circuit court, that the amendment of the declaration by substituting the father in place of the mother, as the party for whose benefit the suit was brought, so changed the nature of the action as to be equivalent to the bringing of a new suit, and that the question whether the suit was barred by the statute of limitations must be tested by reference to the time when the amendment was made; and, further, that, it appearing that the time prescribed for bringing the suit had elapsed prior to the amendment, the plea of the statute should have prevailed. The mandate sent to the court below, after ordering a reversal, contained a direction "to grant a new trial, to sustain the plea of the statute

of limitations to the declaration as amended, and to enter judgment for the defendant." On the reception of the mandate, the circuit court, on the 2d day of May, 1899, entered an order setting aside the judgment theretofore entered, and granting a new trial, but at that time made no further order in execution of the mandate. On the 10th of October following the plaintiff entered a voluntary nonsuit; whereupon the court, against the objection of the defendant, ordered that the suit be dismissed without prejudice, and that the costs in the case be taxed against the plaintiff and his sureties. To this order the defendant excepted, and the case is brought here on another writ of error.

The contention for the plaintiff in error is that the circuit court should have ordered that the defendant's plea of the statute of limitations be sustained, and entered judgment for the defendant in strict conformity with the directions of the mandate. The ground of complaint is that, whereas the judgment directed by the court would have terminated litigation by settling the rights of the parties, the judgment actually entered leaves the plaintiff at liberty to prosecute a new action for the same cause.

But we think the course taken by the circuit court was entirely proper. The directions of the mandate, when rightly construed, intended to award the privilege to the plaintiff of having a new trial, if he should desire it, and did not make it compulsory. If the plaintiff should elect to take a new trial, then the further directions of the mandate would govern the court in its further proceedings thereon. Such provisional directions are not unusual in appellate courts, the object being to guide the court below in such further proceedings as may be taken, and not to subvert the normal course of procedure. Under the statute of Tennessee (Code, § 4246), "the plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants; but if the defendant has pleaded a set-off or counterclaim, he may elect to proceed on such counterclaim in the capacity of a plaintiff." And, at the common law, the plaintiff may take a nonsuit before the trial begins, and in some jurisdictions at any time before verdict, and the right is the same, whether upon the first trial, or upon a new trial after judgment has been set aside and "held for naught," and such new trial ordered. 6 Enc. Pl. & Prac. 836, 838, 839, and cases cited.

In the case of Gardner v. Railroad Co., 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107, the plaintiff had brought suit in the state court for a personal injury, and had recovered judgment. The defendant removed the case to the supreme court, and that court, upon consideration of the evidence, held that the plaintiff had not made out a cause of action, 'and for that reason the judgment of the lower court was reversed, and a new trial granted. After the case had been remanded, the court below entered an order setting aside its former judgment, and ordering a new trial. Thereupon the plaintiff voluntarily submitted to a nonsuit, and judgment was entered accordingly.

The plaintiff having commenced a new suit in the federal court, one of the questions was whether he was barred by the determination of the facts and the judgment of the state supreme court in the

former action. After judgment, the case went to the supreme court of the United States, where it was held that, by the reversal of the judgment of the lower court by the state supreme court, the matter was set at large, and that, although the lower court had actually ordered a new trial as directed by the supreme court, the plaintiff was at liberty to disclaim the right to pursue it and to become nonsuit, and thereupon to commence a new suit in any court having jurisdiction. In the present case this court did not assume the power of arbitrarily compelling the plaintiff to go on with his suit after his judgment had been reversed, but simply directed what judgment should be entered in case he elected to go on to a final determination in the court below. This is the reasonable construction of the mandate. The judgment of the circuit court is affirmed, with costs.