## WHITWORTH v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 31, 1902.)

### No. 1,631

**1. CRIMINAL LAW—JURISDICTION OF CIRCUIT COURT OF APPEALS—DISCRETIONARY ORDER AFTER JUDGMENT.**

A circuit court of appeals has no jurisdiction to review or reverse the order of a district court in a criminal case denying a motion to set aside a judgment and to permit a defendant to withdraw his plea of guilty, where this motion presents no question of the jurisdiction or right of the district court to grant the motion, because such an order is not a final decision, and because such a motion does not present a question of law, but, like a motion for a new trial, is addressed to the discretion of the trial court.

**2. SAME—JUDGMENTS FOR EXCESSIVE PENALTIES.**

In the national courts a judgment in a criminal case must conform strictly to the act of congress which authorizes it. Any departure

from the statute in the extent or character of the punishment adjudged is a fatal error.

**3. SAME—JUDGMENTS FOR COSTS.**

Section 974 of the Revised Statutes empowers a federal court to award that the defendant shall pay the costs of the prosecution when he is convicted of an offense not capital.

**4. SAME—POWER OF COURTS OF APPEALS.**

Where error is discovered in the proceedings in a criminal case properly presented to a circuit court of appeals for review, it is empowered to enter such judgment and to impose such sentence as the law prescribes, or to reverse the judgment, and direct the court below to take such further proceedings as the justice of the case may require.

(Syllabus by the Court.)

In Error to the District Court of the United States for the Eastern District of Missouri.

This writ of error challenges the judgment and sentence of the plaintiff in error upon an indictment found in the district court for the Eastern district of Missouri on November 9, 1900. The indictment contained two counts. The first charged the embezzlement of $236.06 of the money-order funds of the United States, under section 4046 of the Revised Statutes, and the second charged the embezzlement of $16.96, under Act March 3, 1875 (18 Stat. 479, c. 144). The defendant, Whitworth, pleaded not guilty, and upon a trial the jury disagreed. Afterwards, and on May 10, 1901, he withdrew his plea of not guilty, and entered a plea of guilty, and thereupon the court sentenced him upon the first count to pay a fine of $236.06 and the costs of the prosecution of the cause, to stand committed until the fine and costs were paid, and to be confined in the penitentiary for three years, and on the second count of the indictment to be confined in the penitentiary at hard labor for one year and one day. On May 22, 1901, Whitworth made a motion to set aside this judgment against him, to withdraw his plea of guilty, and for a new trial, because he was induced to withdraw his plea of not guilty and to enter that of guilty by the promise of a post-office inspector, who was preparing the evidence for the prosecution, that, if he would do so, his sentence would not be more severe than a fine of $50. This motion was denied, and the judgment still stands.

Charles H. Brock (Simon S. Bass, on the brief), for plaintiff in error.

Edward A. Rozier, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The motion to set aside the judgment and to permit the defendant to withdraw his plea of guilty because he had been induced to enter it by the promise of the inspector that he should not suffer a severe sentence was supported and opposed by affidavits. It was properly presented to the district court at the same term at which the judgment was rendered. It was in the nature of the old writ of error coram nobis to correct a mistake of fact, and the trial court had jurisdiction to hear and determine it. But its decision of this motion is not reviewable in this court for two reasons. In the first place, it is only the final judgments or decisions of the district courts in criminal cases that the act of congress empowers the circuit courts of appeals to review (Act March 3, 1891; 26 Stat.

828, c. 517, § 6), and the only final decision or judgment in this case was the judgment which imposed the sentence upon the defendant. The order denying his subsequent motion was not a final decision or judgment. He may renew it at any time. In the second place, the authority of the courts of appeals to review the acts of the district courts in criminal cases is limited to the power to reverse or modify their judgments for errors of law. In criminal cases a circuit court of appeals is a court for the correction of errors of law exclusively, and the denial of the motion to set aside the judgment was not an error of law, whether it was right or wrong. The motion was addressed to the judicial discretion of the court below. There was no question of its jurisdiction, no question of its right to grant or refuse the motion, raised or involved in the hearing or decision of the motion. The only question presented was whether or not, in the exercise of a wise discretion, the motion ought to be granted. A perusal of the affidavits used upon the hearing shows that the district court committed no abuse of this discretion in denying the motion, and the result is that this court has no authority to review or reverse its order. A circuit court of appeals has no jurisdiction to review or reverse the order of a district court in a criminal case denying a motion to set aside a judgment and to permit a defendant to withdraw his plea of guilty, which presents no question of the jurisdiction or right of that court to grant the motion, because such an order is not a final decision, and because such a motion does not present a question of law, but is, like a motion for a new trial, addressed to the discretion of the trial court. Walden v. Craig, 9 Wheat. 576, 6 L. Ed. 164; Pickett's Heirs v. Legerwood, 7 Pet. 142, 149, 8 L. Ed. 638.

The penalty prescribed by section 4046, Rev. St., for the commission of the crime charged in the first count of the indictment was that the culprit should "be imprisoned for not less than six months nor more than ten years, and be fined in a sum equal to the amount embezzled." The judgment against the defendant for this offense was that he should be imprisoned for three years; that he should pay a fine equal to the amount embezzled, and also the cost of the prosecution of this cause; and that he should stand committed until the fine and costs were paid. This judgment was erroneous. The statutes gave to the court below no power to add to the fine prescribed by the act of congress the cost of the prosecution of the case. In many instances, where, as in the case at bar, the amount embezzled was small, the costs would far exceed the amount of the fine fixed by the law. In the national courts a judgment in a criminal case must conform strictly to the act of congress which authorizes it. Any departure from the statute in the extent or character of the punishment adjudged constitutes an error which is fatal to the judgment. In re Graham, 138 U. S. 461, 463, 11 Sup. Ct. 363, 34 L. Ed. 1051; In re Bonner, 151 U. S. 242, 257, 14 Sup. Ct. 323, 38 L. Ed. 149; Harman v. U. S. (C. C.) 50 Fed. 921, 922; In re Johnson (C. C.) 46 Fed. 477, 481; In re Pridgeon (C. C.) 57 Fed. 200, 201; In re Christian (C. C.) 82 Fed.

199, 201. The result is that, while there was no error in the receipt and acceptance of the defendant's plea of guilty, the judgment rendered thereon was not warranted by the law.

A single question remains, and it is whether the judgment shall be modified by this court and affirmed, or reversed and the case remanded to the court below, with instructions to impose a sentence in accordance with the provisions of the statute. Where error is discovered in the proceedings in a criminal case properly presented to a circuit court of appeals for review, it is empowered to enter such judgment and to impose such sentence as the law prescribes, or to reverse the judgment, and direct the court below to take such further proceedings as the justice of the case may require. Act Sept. 24, 1789 (1 Stat. 73, 85, c. 20, §§ 24, 25); Act June 1, 1872 (17 Stat. 196, c. 255, § 2); Act March 3, 1879 (20 Stat. 354, c. 176, § 3); Act Feb. 6, 1889 (25 Stat. 655, c. 113, § 6); Act March 3, 1891 (26 Stat. 826, c. 517, § 11); Rev. St. § 701; Ballew v. U. S., 160 U. S. 187, 201, 202, 16 Sup. Ct. 263, 40 L. Ed. 388; Haynes v. U. S., 42 C. C. A. 34, 37, 101 Fed. 817, 820; Gardes v. U. S., 30 C. C. A. 596, 87 Fed. 172; Murphy v. Com., 177 U. S. 155, 20 Sup. Ct. 639, 44 L. Ed. 711; Beale v. Com., 25 Pa. 11. This case was once tried in the court below before a jury, which disagreed. The judge who conducted that trial necessarily has a knowledge of the circumstances surrounding and the nature of the offenses of which the defendant is guilty, which this court, in the absence of the evidence there produced and of an acquaintance with the demeanor and character of the defendant, cannot acquire. Counsel for the defendant insist that the sentence below, which was imposed by another judge in the absence of the district judge who presided at the trial, was severe; and in view of the disagreement of the jury and of the small amount of money appropriated we are by no means confident that they are mistaken here. In view of these facts, the wiser course seems to be to remand the case to the court below, with directions to that court to impose a just sentence.

The judgment below will accordingly be reversed, and the case will be remanded to the district court forthwith, with directions to enter such a judgment and impose such a sentence upon the plea of guilty already interposed as, under all the circumstances, the justice of the case requires, and the acts of congress authorize; and it is so ordered.

Since the above opinion was announced, the attention of the court has been called for the first time to section 974 of the Revised Statutes, which provides:

"When judgment is rendered against a defendant in a prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs; and on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution."

This statute undoubtedly empowered the court below to adjudge that the defendant, Whitworth, should pay the costs of the prose-

114 F.—20

cution, and, if this provision of the acts of congress had been called to our attention, the judgment below would not have been reversed on account of the imposition of the costs. Meanwhile the case has been remitted to the court below, and the defendant has probably been re-sentenced pursuant to our direction. No motion for a rehearing has been made, and no injustice has resulted from our decision, because the conviction was not disturbed. The former sentence was very severe, and the presumption is that a just sentence has been imposed since our mandate issued. For these reasons the judgment will be allowed to stand, notwithstanding the fact that section 974 undoubtedly empowers the trial judge to award that the defendant shall pay the costs of the prosecution when he is convicted of any offense not capital.

THAYER, Circuit Judge. I concur in the foregoing.