AMERICAN TRUST & SAVINGS BANK v. ZEIGLER COAL CO.

(Circuit Court, N. D. Illinois, E. D.   December 5, 1908.)

No. 28,197.

COURTS (§ 357*)—FEDERAL COURTS—COSTS ON APPEAL—EXECUTION.

To authorize a Circuit Court to issue execution for costs awarded by the Circuit Court of Appeals on a writ of error, the mandate from the latter court should contain a special provision directing the same, as

required by Rev. St. § 701 (U. S. Comp. St. 1901, p. 571), relating to the Supreme Court, made applicable to the Circuit Court of Appeals by Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552).

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. § 357.*]

On Motion to Set Off Executions Against Each Other.

Charles E. Pope, for trustee.

Henry R. Platt, for Zeigler Coal Co.

SANBORN, District Judge. Motion to set off executions against each other. Execution was issued in this case on a mandate of the Circuit Court of Appeals reversing the judgment, with costs, and remanding the case for further proceedings. Execution was also issued in another case between the same parties, and a motion is made to set off these two executions against each other. On the hearing it was suggested that the execution in this case issued on the mandate was unauthorized and should be quashed. An order having been entered quashing the execution in the other case, the only question remaining is whether the execution in this case was proper.

On reversing the judgment in the appellate court, the costs of the writ of error were awarded against the defendant, and the usual mandate was sent down under rule 31 (79 C. C. A. cxxxiii, 150 Fed. cxxxiii), inserting the amount of costs in the mandate, with the bill thereof; but no special direction is contained in the mandate directing the clerk to issue execution for such costs. It is provided by section 701 of the Revised Statutes (U. S. Comp. St. 1901, p. 571) that the Supreme Court shall not issue execution in cases removed to it from lower courts, but shall send a special mandate to the inferior court to award execution thereupon. This provision is made applicable to the Circuit Court of Appeals by the eleventh section of the act of 1891 (Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]). Whitworth v. U. S., 114 Fed. 302, 52 C. C. A. 214. The rules of the Supreme Court and Circuit Courts of Appeal provide that, when costs are allowed, the clerk shall insert the amount in the mandate, with the bill of items annexed. Rule 24, Supreme Court Rules (3 Sup. Ct. xiii); rule 31, Court of Appeals Rules (79 C. C. A. cxxxiii, 150 Fed. cxxxiii).

The mandate in this case does not contain any special provision directing the Circuit Court to award execution. The only authority for issuing execution is the insertion of the costs in the mandate by the clerk of the Court of Appeals. It would seem clear that the statutory authority giving the Court of Appeals power to send a special mandate to the Circuit Court to award execution for the costs has not been met by the mandate in this case, which merely shows the amount of costs and the items thereof. Something more than that would seem to be necessary to authorize execution. The present form of mandate from the Supreme Court, both on affirmance and reversal, contains a judgment for costs in that court, and directs execution therefor. The mandate of the Circuit Court of Appeals of this circuit, on the other hand, adjudges affirmance or reversal, with costs,

and that the cause be remanded to the court below, without any direction for execution.

The execution will therefore be quashed.