### MITCHELL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1912.)

No. 2,040.

1. CRIMINAL LAW (§ 1206*)—SENTENCE—PLACE AND INCIDENTS OF IMPRISONMENT—FEDERAL STATUTES.

Act March 3, 1891, c. 529, § 1, 26 Stat. 839 (U. S. Comp. St. 1901, p. 3725), authorizing the construction of federal prisons "for the confinement of all persons convicted of any crime whose term of imprisonment is one year or more at hard labor," is not an amendment of Rev. St. §§ 5541, 5542 (U. S. Comp. St. 1901, p. 3721), which authorize confinement in a penitentiary of prisoners sentenced to imprisonment "for a period longer than one year" or to "imprisonment and confinement at hard labor," and where a prisoner is convicted under a statute prescribing the punishment as a fine or imprisonment or both, and the sentence is for one year only, the court is without authority to prescribe hard labor as a term of the sentence or to order his confinement in a government penitentiary.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3271-3277, 3279, 3280; Dec. Dig. § 1206.*]

2. CRIMINAL LAW (§ 1188*)—APPEAL AND ERROR—DISPOSITION OF CAUSE—EXCESSIVE SENTENCE.

The reversal of a judgment in a criminal case for error in imposing an excessive sentence does not entitle the defendant to a discharge, but the cause will be remanded, with directions to enter the appropriate judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3222-3224; Dec. Dig. § 1188.*]

3. POST OFFICE (§ 50*)—PROSECUTION FOR USING MAILS TO DEFRAUD—INSTRUCTIONS.

Instructions considered and approved in a prosecution under Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), for using the mails to defraud.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 87-89; Dec. Dig. § 50.*]

4. CRIMINAL LAW (§ 155*)—USING MAILS TO DEFRAUD—LIMITATION.

The essence of the offense made punishable by Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), is not the devising of a scheme or artifice to defraud, but the using of the mails in pursuance of such a scheme, and a prosecution thereunder is not barred by limitation because the scheme may have been devised more than three years prior to the indictment, where the overt acts were committed within that time.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 281; Dec. Dig. § 155.*

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. CRIMINAL LAW (§ 1156*)—APPEAL AND ERROR—MATTERS REVIEWABLE.**

The ruling on a motion for new trial in a criminal case in a federal court is not reviewable on a writ of error, even when the motion is based on affidavits of matters occurring after the submission of the case to the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067-3071; Dec. Dig. § 1156.*]

In Error to the District Court of the United States for the Eastern Division of the Eastern District of Washington.

Criminal prosecution by the United States against C. E. Mitchell. From a judgment of conviction, defendant brings error. Reversed and remanded, with directions.

John T. Mulligan, Francis D. Adams, John C. Kleber, and Alex M. Winston, all of Spokane, Wash., for plaintiff in error.

Oscar Cain, U. S. Atty., and E. C. Macdonald, Asst. U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was indicted and convicted for misuse of the mails of the United States under section 5480 of the Revised Statutes as amended by the Act of March 2, 1889, c. 393, 25 Stat. 873 (U. S. Comp. St. 1901, p. 3696). The indictment charged that he devised a scheme and artifice to defraud by means of circulars, letters, and reports and advertisements to be sent by and through the mails representing that he would cause to be incorporated and organized a corporation to be controlled by him for the purpose of buying, selling, and operating mines, etc., and that the said corporation was the selling agent of stock of eight mining companies named in the indictment, and that he had knowledge of the actual and prospective value of said mining properties, and that they were of great value, and that the proceeds of the sale of all stock thereof were to be used to develop and equip said properties, and that said companies would pay dividends, whereas such representations were false, and it was his intention to convert all or a large part of the proceeds of the sale of said stock to his own use, and that said scheme and artifice to defraud was to be effected by opening a correspondence and communication by means of the post office of the United States. The plaintiff in error was sentenced to one year's imprisonment at McNeil's Island with hard labor.

[1] Error is assigned to the sentence, in that, first, imprisonment in the penitentiary was imposed, which it is contended is unauthorized except in cases where the sentence is for a longer time than one year; and, second, that the sentence was to 'hard labor," whereas, by the statute, the penalty prescribed is imprisonment only. Section 5541 of the Revised Statutes (U. S. Comp. St. 1901, p. 3721) is cited as sustaining these assignments. In reply to this counsel for the defendant in error points to the fact that at the time when section 5541 was adopted, which was on March 3, 1865, the United States maintained no places of imprisonment, and that by Act March 3, 1891,

c. 529, 26 Stat. 839 (U. S. Comp. St. 1901, p. 3725), provision was made for the purchase of sites and the erection of buildings thereon "for the confinement of all persons convicted of any crime whose term of imprisonment is one year or more at hard labor," and that under that act the penitentiary at McNeil's Island was erected, and he contends that the sentence which consigned the plaintiff in error to imprisonment there was in compliance with the law.

We do not think that the language of the act of March 3, 1891, is susceptible of that construction, or that it was intended thereby to amend section 5541. The language of the act, "for the confinement of all persons convicted of crime whose term of imprisonment is one year or more at hard labor," must be held to refer to sentences imposed on conviction of crimes for which punishment in the penitentiary at hard labor is prescribed by the statute. Said Mr. Justice Harlan (In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107):

"There are offenses against the United States for which the statute in terms prescribes punishment by imprisonment at hard labor. There are others the punishment of which is imprisonment simply. But in cases of the latter class the sentence of imprisonment—if the imprisonment be for a longer period than one year (section 5541)—may be executed in a state prison or penitentiary, the rules of which prescribe hard labor."

The court in that case held that, where a statute of the United States prescribing a punishment by imprisonment does not require that the accused shall be confined in a penitentiary, a sentence of imprisonment cannot be executed by confinement in a penitentiary, unless the sentence is for a period longer than one year. The same was held in Re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 34 L. Ed. 149. In that case Mr. Justice Field, referring to imprisonment in the penitentiary, said:

"To such an imprisonment infamy is attached, and a taint of that character can be cast only in the cases mentioned."

The offense of which the plaintiff in error was convicted is punishable "by a fine of not more than $500 or by imprisonment of not more than eighteen months, or by both."

[2] But the error in the judgment does not entitle the plaintiff in error to his discharge, as it might if the question were presented on a writ of habeas corpus. The case having come to this court on writ of error, this court, while reversing the judgment of the court below, may remand the cause to that court, with directions to enter the appropriate judgment. Murphy v. Massachusetts, 177 U. S. 155, 20 Sup. Ct. 639, 44 L. Ed. 711; Haynes v. United States, 101 Fed. 817, 42 C. C. A. 34; Whitworth v. United States, 114 Fed. 302, 52 C. C. A. 214.

[3] Error is assigned to the following instruction to the jury:

"Under this section, three matters of fact must be charged in this indictment and established by the evidence at the trial: First, that the defendant devised a scheme or artifice to defraud; second, that such scheme or artifice to defraud was to be effected by correspondence or communication with another person by means of the post office establishment of the United States; and, third, that in carrying out such scheme or artifice to defraud the defendant deposited or caused to be deposited a letter in the post office of the United

States. These three elements are set forth in the indictment in this case, and the question for your determination is, Are they established by the evidence? I do not understand that there is any substantial controversy as to the second and third elements of the crime here charged. It appears from the testimony without apparent contradiction that the post office establishment of the United States was used extensively by the defendant for the purpose of promoting the business in which he was engaged, and there seems to be no question that he at all times intended to so use it."

It is contended that this instruction was error for which the judgment should be reversed, for the reason that the second element as described in the instruction characterizes the scheme as an artifice to defraud, and that the court thereby assumed that the guilt of the plaintiff in error was established beyond controversy, whereas, in fact, all that had been established or admitted was that the business carried on by the plaintiff in error which was the subject of the indictment was conducted through the mails. The court very evidently did not intend to say that a scheme or artifice to defraud had been established, and we do not think the instruction given could have been so understood by the jury. What the court meant to say was that it was for the jury to decide whether or not there was a scheme or artifice to defraud, and that there was no substantial controversy but that the scheme, whatever it was, was to be effected by correspondence through the mails by the plaintiff in error, for the court proceeded to say that it appeared from the testimony without contradiction that the post office establishment was used extensively for the purpose of promoting the business in which the plaintiff in error was engaged. It appears from the bill of exceptions that it was admitted on the trial of the case that the plaintiff in error intended to use the mails of the United States in the furtherance of the business of the corporations described in the indictment, and that he did so use the mails. The bill of exceptions does not purport to contain all of the instructions nor all of the testimony in the case, but it does appear therefrom that the court instructed the jury as follows:

"If you are satisfied from the testimony in this case, beyond a reasonable doubt, that the defendant made one or more of the false representations charged in the indictment in the sale of the mining stocks therein described, and that such false representations were so made in pursuance of a scheme or artifice to defraud previously devised by the defendant, which was to be effected by correspondence or communication with another person by means of the post office establishment of the United States, and that in and for executing such scheme or artifice the defendant deposited in the post office of the United States the several letters described in the different counts of the indictment, you will find the defendant guilty as charged."

The court thereby properly submitted to the jury the questions at issue in the case.

[4] Error is assigned to the instruction in which, after charging that it was not necessary that the government should prove that the scheme or artifice to defraud was devised within three years, the court proceeded to say to the jury:

"If you find that such a scheme or artifice was devised more than three years prior to the return of the indictment, but that the scheme or artifice was still in existence and the defendant was operating under it within the three years, the case is still without the statute of limitations and may be prosecuted."

It is contended that all the elements of the offense charged must fall within the period of the statute of limitations, namely, three years. No authority is cited to sustain this proposition, and we find it without merit. The plaintiff in error was not indicted for devising a scheme or artifice to defraud. He was charged with using the mails in pursuance of such a scheme. The statute provides that, "if any person having devised or intending to devise any scheme or artifice to defraud" by means of the United States mails shall place in or receive from any post office of the United States any letter or package, he shall be punishable, etc. It is plainly immaterial when the scheme may have been devised. To hold otherwise would lead to the absurd conclusion that one might devise a scheme to defraud by the use of the mails, then lay it aside for three years, and thereafter proceed to carry it out with impunity. "Each letter so taken out or put in constitutes a separate and distinct violation of the act." In re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174.

[5] We have no authority to review the ruling of the court below on the motion for a new trial, which is assigned as error. That ruling, even when based on affidavits of matters occurring after the submission of the case to the jury, rested in the sound discretion of the trial court. Holmgren v. United States, 156 Fed. 439, 84 C. C. A. 301, affirmed in Holmgren v. United States, 217 U. S. 509, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778.

Other assignments of error are presented, but we find in them nothing prejudicial to the rights of the plaintiff in error.

It is ordered that the judgment be reversed and the cause remanded to the court below, with directions to enter such judgment on the verdict of the jury as the justice of the case requires and the acts of Congress authorize.