### In re CAIN, U. S. Atty.

(Circuit Court of Appeals, Ninth Circuit. November 17, 1913.)

No. 2,340.

CRIMINAL LAW (§ 1192*)—APPEAL—REVERSAL—NEW TRIAL—CONSENT.

Where a judgment against accused was reversed on writ of error for invalidity of the sentence imposed, and a mandate issued directing the court to impose a proper sentence, but pending this the Department of Justice, believing that the conviction was based on perjured testimony, instructed the district attorney not to oppose efforts to obtain a new trial, which was thereupon granted, the government thereby waived its right to a sentence pursuant to the mandate.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3231–3240, 3243; Dec. Dig. § 1192.*]

Petition for writ of mandate to be directed to the Judge of the United States District Court for the Eastern District of Washington, commanding that he pronounce judgment on a mandate of the Circuit Court of Appeals against one C. E. Mitchell, or show cause why he should not be required to do so. Denied.

Benjamin L. McKinley, U. S. Atty., of San Francisco, Cal., for petitioner.

Before MORROW, Circuit Judge, and VAN FLEET and DOOLING, District Judges.

MORROW, Circuit Judge (orally). This is a petition for a writ of mandate to be directed to the judge of the United States District Court for the Eastern district of Washington, commanding said judge to pronounce judgment upon a mandate of this court issued in the case of United States v. C. E. Mitchell, or to show cause before this court why he should not be required so to do.

It appears that Mitchell was indicted in the Eastern district of the state of Washington for use of the mails of the United States for the purpose of carrying out a scheme to defraud certain persons; that he was tried upon the indictment, found guilty, and sentenced by the court to imprisonment in the United States penitentiary at McNeil Island for a period of one year at hard labor, and to pay the costs of the proceedings; that a motion for a new trial was made and denied. The case was brought to this court upon writ of error. Among the errors assigned in this court was an assignment that the sentence was not in accordance with law and was unauthorized. The statute (section 5480 of the Revised Statutes, as amended by the Act of March 2, 1889, c. 393, § 1, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696]) provided that the punishment for its violation should be a fine of not more than $500 and by imprisonment for not more than 18 months, or by both such punishments, at the discretion of the court. The reason why the court imposed the punishment of hard labor is not necessary to be stated here. It is sufficient to say that this court reversed the judgment of the court below, with directions to enter such judgment on the verdict of the jury as the justice of the case required and the acts of Congress

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

authorized.   Mitchell v. United States, 196 Fed. 874, 116 C. C. A. 436. The mandate of this court going down to the District Court, the United States Attorney for the Eastern district of Washington submitted to the court a communication from the Department of Justice in which it was stated:

"After consideration of the matters presented in connection with the case of C. E. Mitchell, I have become satisfied that the conviction was obtained partly at least upon perjured testimony—the testimony of Dwyer—and that this testimony, according to the affidavits of two of the jurors, influenced them or caused them to agree to a verdict against Mitchell. Under these circumstances it would be manifestly unjust to permit the verdict to stand. You are instructed, therefore, not to oppose but to assist Mitchell in his efforts to secure a new trial and to communicate these views to the court."

Thereupon the court granted the motion for a new trial. Thereafter the United States Attorney, by direction of the Attorney General of the United States, moved the court for judgment and sentence in accordance with the mandate of this court, notwithstanding the order granting a new trial which had theretofore been made and entered of record. This latter motion the District Court has denied, and it is upon this state of facts that the present petition is presented to this court. With this petition the United States Attorney has filed the opinion of the District Judge denying the motion to enforce the judgment of this court. The opinion is short, and, after stating the facts, is as follows:

"The contention of the government is that inasmuch as the mandate of the Circuit Court of Appeals contained specific directions to enter a judgment on the verdict, within the limits prescribed by the acts of Congress, this court had no discretion but to execute that mandate according to its terms, and that the order awarding a new trial was granted without jurisdiction and is a nullity. Had the government stood on its rights under the mandate and moved for judgment in accordance therewith, its present position would be unassailable; but did it not waive its rights under the mandate by consenting to a new trial? In my opinion it did.

"In Atlanta, K. & N. Ry. Co. v. Hooper, 105 Fed. 550 [44 C. C. A. 586], the mandate on the first writ of error contained specific directions, 'to grant a new trial, to sustain the plea of the statute of limitations to the declaration as amended, and to enter judgment for the defendant.' In the face of this mandate the Circuit Court permitted the plaintiff to enter a voluntary nonsuit, and on the second writ of error to review this judgment the Appellate Court said: 'In the present case this court did not assume the power of arbitrarily compelling the plaintiff to go on with his suit after his judgment had been reversed, but simply directed what judgment should be entered in case he elected to go on to a final determination in the court below. This is the reasonable construction of the mandate. The judgment of the Circuit Court is affirmed, with costs.'

"So here, the Circuit Court of Appeals did not assume the power to arbitrarily compel the government to go on with the prosecution or to take judgment on its mandate, but simply directed what judgment should be entered in the event the government elected to proceed to a final determination of the case in this court.

"It is well settled by the authorities, in the absence of some statutory provision to the contrary, that a nolle prosequi may be entered by the prosecuting officer at any time before judgment. 12 Cyc. 374, and cases cited.

"In Commonwealth v. Tuck, 20 Pick. [Mass.] 356, the court said: 'There are three periods of a prosecution, in which a nolle prosequi may be entered—before a jury is impaneled, while the case is before the jury, and after verdict. * * * After a verdict of guilty is rendered, the defendant is to be

sentenced on motion of the attorney general; and we have no doubt of his authority to enter a nolle prosequi after verdict. It cannot operate to the injury of the defendant. If the indictment is sufficient, this act of the Attorney General saves him from the sentence of the law. If it be insufficient, it can do him no harm, for no judgment could be rendered upon the indictment, and so it would not bar another indictment. This practice of entering a nolle prosequi after verdict has prevailed, without objection, for many years. The power is found to be highly useful, if not necessary, to the due administration of criminal law. Many cases may occur in which its exercise would be very beneficial. It may be discovered after verdict that the defendant, though convicted, is really innocent. It may become important to use him as a witness. The power to enter a nolle prosequi is held by the Attorney General virtute officii. He exerts it upon his official responsibility. The court has no right to interfere with its exercise. They can only judge of the effect of the act when done, and of the legal consequences which may follow from it. They will take care that it shall not operate to the prejudice of the defendant's rights.'

"It is well established, therefore, that the prosecuting officer may enter a nolle prosequi before final judgment, notwithstanding the mandate of an Appellate Court; and, if so, why can he not consent to the granting of a new trial? The greater power would seem to necessarily include the lesser; and, if the ends of justice require that a prosecution should be dismissed after verdict in some instances, may not the same ends of justice require that a new trial should be granted in a proper case? The officers of the Department of Justice concluded that a new trial should be granted in this case in furtherance of justice, and upon that conclusion the court acted. For these reasons I am of opinion that the court acted within its jurisdiction and not in contravention of the mandate when it granted the new trial at the instance of the prosecuting officers of the government, and that its order in that behalf is a complete bar to the present motion. If I am in error in this, the error can be corrected upon application to the Appellate Court for a further mandate, which this court will cheerfully obey. Motion denied."

We consider this opinion would be a sufficient showing in answer to any order to show cause that we might issue herein, and, as it is a matter of record on this application, we will consider it as the equivalent of an answer to an order to show cause. We think it is also sufficient in substance upon the merits of the motion. The Attorney General in the first instance had waived the enforcement of the judgment of this court, and having done so, and a new trial having been granted, we think the proper proceeding is on the order of the court granting a new trial.

The petition is denied.